Aldridge v. The Br. Bank at Decatur.

ALDRIDGE *vs.* THE BR. BANK AT DECATUR.

1 In an action on a promissory note, which bears date on Sunday, it is competent to allege and prove that it was in fact executed and delivered on a different day.

Error to the Circuit Court of Morgan. Tried before the the Hon. S. C. Posey.

THIS was an action by the defendant against the plaintiff in error on a promissory note, which bore date on Sunday. The facts appear in the opinion.

R. O. PICKETT, for plaintiff in error:

1. The court erred in refusing to charge the jury that they must exclude the testimony of William Mailer, the witness, which is fully set forth in the bill of exceptions, because when parties enter into a contract and reduce its stipulations to writing, the written memorial of the contract is the sole expositor of its terms.—7 Ala. R. 679, and 10 Ala. R. 548.

2. The note here sued on is free from all ambiguities of every description whatever, and parol proof is inadmissible to add to, vary or explain it.—Bower v. Martin, 1 Ham. 184; Wilson v. Robinson, Rand. R. 525; 7 J. J. Marsh 78. So also is parol proof inadmissible to shew a mistake in the date of a note.—Fitzhugh v. Runyon, 8 Johns. R. 375: or in the names of parties to a note or bond—Gayle v. Hudson, 10 Ala. 116: or to show that a different time of payment was intended from that which is plainly set forth in the note itself—Thompson v. Ketchum, 8 Johns. R. 190; 1 Greenl. Ev. sec. 281: Nor is parol proof admissible to alter the legal operation of a written instrument—2 Starkie Ev. 762, 7 ed.: Nor to shew a mistake,

only upon the ground of fraud, and not then unless it amount to the strongest possible proof—2 Stark. Ev. 767; Barringer & Rhodes v. Sneed, 3 Stew. R. 201; Paysant v. Ware & Barringer, 1 Ala. R. 160; Dozier v. Duffee, ib. 320; Beard v. White's adm. ib. 436; Litchfield, use, &c. v. Falkner, 2 Ala. 280: Nor to establish other obligations than those expressed in the instrument itself—Duff v. Ivy, 3 Stew. 140: Nor to explain a mistake at law.—Jackson v. Sill, 11 Johns. R. 213.

W. COOPER & PETERS, for defendant:

The dating of a promissory note on Sunday does not render it void.—Drury v. De Fontaine, 1 Taunt. R. 131; Chitty on Bills, 591. The mere dating of a contract is not the *making* of it by any means that is forbidden. It is true that the date it bears is *prima facie* evidence of the time of making it, and if nothing else is shown, it will be presumed to have been made on the day of its date; but this is not conclusive and may .be explained.—Taylor v. Kinlock, 1 Stark. R. 175; 2 Stark. Ev. 161; Byles on Bills, 72-73, marg. (Law Lib.;) Chitty on Bills, 59; Smith's Merc. Law, (Holc. & Ghols. ed.) 206; Bayley v. Tabor, 15 Mass. 286; 3 B. & P. 173; 6 M. & S. 73; Pasmore v. North, 13 East. R. 517; Thompson v. Gray, 2 Stew. & P. 60, 65; Jordan v. Mead, 12 Ala. 247-250.

It may be shown, therefore, that a note or contract was made on a day different from its date. For this purpose Mr. Mailer's testimony was offered, and for this it was certainly admissible and relevant.

CHILTON, J.—The witness, Mailer, proved that this note was left with him as the discount clerk of the Branch Bank at Decatur, to be laid before the board to extend the indebtedness of the plaintiff in error to that bank: That it was by him presented to the board, passed upon, and by him filled up and dated back one month, so as to correspond with a cash payment made by the debtor to the bank: That none of this business was transacted on Sunday, but the note bears date on Sunday. A motion was made in the court below to exclude the whole of Mailer's testimony, upon the ground that it was irrelevant and illegal, as varying the written instrument by parol. The court overruled the motion, and this is the sole question presented

for our revision. The decision of the Circuit Judge was strictly correct. It is not permissible to change the legal effect of a contract by proving a different time of payment or performance from that expressed in the writing which evidences the contract, and to this point are the decisions in 8 Johns. Rep. to which we are refered by the counsel for the plaintiff in error. Such, however, is not the attempt here. No term of the contract is to be in any way altered by the proof adduced, but the plaintiff below merely showed that what *appeared, prima facie,* to have been a violation of the law for the suppression of vice and immorality, was not so in fact: That although the note bore date on Sunday it was not really executed or delivered on that day, but a month subsequent to that time. Now even in respect of more solemn instruments, deeds and contracts under seal, the doctrine is as old as the common law, that if there be a *mistaken* date, or the date be impossible, the plaintiff may surmise a legal date in the declaration, and the defendant is to answer to the deed and not to the date.—Yelv. 194. A deed may be dated at one time and sealed and delivered at another, but it takes effect from its delivery, which is presumed to be at the time it bears date, until the contrary is made to appear by proof.—2 Just. 674; Jacob's Law Dic. tit. "Date;" Styles v. Wardle, 4 B. & C. 908; 10 Eng. C. L. Rep. 854. "All the authorities," says Bailey, J., in the case last cited, "give a definite meaning to the word *date* in general, but show that it *may* have a different meaning when that is necessary, *ut res valeat.*" Date in general is not essential to a bill or note. If there be no date, it will be considered as dated at the time it was made.— Hague v. French, 3 B. & P. 173; Byles on Bills, 54; Giles v. Bourne, 6 M. & Sel. 73; S. C. 2 Chit. Rep. 300. So it is said the usual allegation that a bill or note was made on a particular day is not matter of description, and the day need not be proved as laid, but if the date form a part of the *descriptive* allegations of the declaration, as that the note bears date on a particular day, then the date becomes material and the variance would be fatal.—Byles on Bills, 55. In the declaration before us one count avers the making on the 30th—another the 31st day of August, but both aver the bill was dated the 27th July, which it appears was Sunday. We think this mode of declaring legitimate, and that it was competent to show when the instru-

ment took effect, in order that it may be relieved from the presumption of invalidity resulting from the assumed date inserted by Mr. Mailer.   The statute was designed to prevent vice and immorality by inhibiting, under suitable penalties, the profanation of the christian Sabbath.   In this case the law has not been violated—the note was neither written, signed nor delivered on Sunday, and consequently it is unaffected by the statute.—See Lovejoy v. Whipple, 18 Verm't Rep. 379; Clough v. Davis, 9 N. Hamp. Rep. 500; Story on Contr. 2 ed., 543, § 619; Saltmarsh v. Tuthill, 13 Ala. Rep. 406—where the decisions of this court are refered to.   In respect to the date of promissory notes, they may be either anti-dated or post-dated, and in both cases will be good in the absence of statutory prohibition; "and where the purposes of justice require it, the real date may be enquired into and effect given to the instrument."— Story on Prom. Notes, § 48, and authorities there cited.

Let the judgment be affirmed.