MOORING ET AL. *vs.* MOBILE MARINE DOCK & MUTUAL INSURANCE COMPANY.

[ACTION BY INSURANCE COMPANY TO RECOVER PREMIUM.]

1. *Negotiable note of debtor, taken at or after creation of the debt, not per se payment.* The taking of a debtor's negotiable note, at or after the creation of the debt, is not a payment or extinguishment of the debt itself, unless there is an agreement so to receive it : in the absence of any such agreement, if the note is not paid at maturity, the creditor may sue on the original cause of action ; and if he produces the note at the trial, and offers to give it up to the defendant, and the evidence shows that it was taken " for the purpose of closing the account on the books", it is not error to instruct the jury that " the taking of the note does not raise the presumption of payment."

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by the appellee against Jacob B. Walker, James A. Mooring, and S. G. Stone, "to recover the sum of $116 68, due by open account on the 21st February, 1853, for work, labor, and materials furnished, at the request of defendants, in and about the repairs and fitting up of a certain steamboat, called the 'Frank Lyon', the property of said defendants ; also, the sum of $451, the premium of insurance due and payable from defendants to plaintiff on the 4th April, 1853, in respect of said plaintiff having before that time underwritten a policy of insurance, on behalf and account of said defendants, and at their request, for the insurance of

a large sum of money—to-wit, the sum of $5,000—upon the said steamboat, from the 4th October, 1852, to the 4th October, 1853; which several sums of money, with interest thereon, are now due."

It appears that Walker did not defend the suit, but the other defendants separately pleaded, 1st, the general issue; 2d, payment and satisfaction; 3d, that plaintiff released and discharged them before this suit was brought, and received the note of their co-defendant (Walker) in full payment and satisfaction of said supposed promises.

"The only contest," as the bill of exceptions states, "was in reference to the $451 premium of insurance charged by the plaintiff for assurance on the Frank Lyon, and the only witness examined in reference to this item was J. S. Secor, the secretary of the company, who proved, that the said steamboat, at the time of effecting the insurance, belonged to the defendants,—that Walker was the general agent, or husband of the boat, and Stone was the captain; that Walker applied for the insurance; that the sum insured was $5,000, and the insurance was for the term of one year; that the policy was issued to Walker, on account of whom it might concern, the loss (if any) payable to Walker; that the custom of the company, in insuring steamboats for a year, was and is to take the note of the person applying for the insurance for the premium, due at six months, for the purpose of closing the account on the books of the company; and that the note of Walker, endorsed by Stone, negotiable and payable at the Southern Bank, was given for the premium." Copies of the policy and note are appended to the bill of exceptions; and it is further stated, that "the note and policy bear the same date, but were not executed until two or three days after the contract to insure was made; and that the note given for the premium had not been paid, but was protested for non-payment, and was produced on the trial and offered to the defendants."

The court charged the jury as follows:—

"1. That they must be satisfied that said steamboat was the property of the defendants, and that while running her the indebtedness for work, &c., was incurred by them, or for their benefit, and with their knowledge and consent, to au-

thorize a recovery for that item ; that as to the amount claimed for the premium, it was not sufficient that the defendants were owners of and running the boat, though they should be satisfied that the insurance was taken by Walker—they must be satisfied that the words 'for account of whom it may concern', referred to Stone and Mooring, and that Walker procured the insurance at their request, or that as the ship's husband he procured it for their benefit, and that they knew of it, and assented to it ; and that his being ship's husband was not sufficient to show these facts."

" 2. That if they believed the defendants were all liable for the premium, then Stone and Mooring insisted that they were discharged by the company taking the note,—they insisting that it was taken in payment of the premium ; that whether the note was taken in payment or not, was a question of fact for them to determine, but the taking of the note did not raise the presumption of payment ; that they must take all the facts into consideration, and if they believed that the note was taken in payment of the premium, then the defence was complete as to that item ; but if not, and they should find that the defendants owed the amount, they should find for the plaintiff."

To this last charge the defendant Mooring excepted, and requested the court to instruct the jury, " 1st, that one part-owner of a steamboat, as such merely, has not authority to insure the interest of his co-partners ; and, 2dly, that if they believe the note, given by Walker and endorsed by Stone, was taken by plaintiff in payment of the premium, then plaintiff cannot recover of him for such premium ; both of which charges were given by the court."

The charge excepted to is now assigned for error.

E. S. DARGAN, for the appellant :

The court erred in instructing the jury that the taking of the note, under the facts disclosed by the evidence, " did not raise the presumption of payment." It is true, where there is an indebtedness by account, and a promissory note is given therefor, that whether the account is paid then depends on the intention of the parties, as in the case in 10 Ala. 755 ; but where there is no indebtedness by account, and a promissory note is given at the time of the contract by which the

indebtedness arose, there can be no other presumption than that it was given in payment, or that the note was part of the contract, thereby excluding the idea of an account. If the charge can be sustained, then, in every contract of sale in which a note is given, the seller may abandon his note, and sue and recover on the account, unless the defendant can prove that the object and intent of giving the note was to prevent an account, or to pay it. But no case goes thus far ; on the contrary, they all agree that a note, executed at the time of the contract, for the purchase money or value of the thing sold, closes the transaction, and becomes the only evidence of the debt ; at least, this must be the *prima facie* intendment of the law.—French v. Price, 24 Pick. 13 ; 12 Johns. 409 ; 7 Mass. 43 ; 2 Greenl. Ev. §§ 519, 520, and the cases there cited.

· The custom of the company is part of the contract of insurance, and the custom was to take a note at six months. The entire contract was, the insurance of the boat and a note at six months for the premium. If Walker had refused to give the note, the policy would not have been issued, unless the company departed from its established custom. In requiring a note at six months, the company, in effect, said, 'I will not credit you without your note ; I will not have an open account, my debt must be evidenced by note.' The custom makes the note a part of the contract, and was evidently intended to prevent accounts. This distinguishes the case at bar from all the other cases, except French v. Price, *supra.*

P. HAMILTON, *contra*, contended that the charge of the court was supported by all the adjudicated cases, except in Massachusetts and Maine, where the taking of a note is held *prima facie* evidence of payment ; but elsewhere something more is required to raise a presumption of payment ; and he cited the following cases : 11 Johns. 513 ; 14 *ib.* 404 ; 2 Gill & J. 493 ; 7 Har. & John. 92 ; 2 Hill's (S. C.) R. 528 ; 2 Bail. 574 ; 2 Richardson's Law R. 244 ; 9 Missouri R. 59–62 ; 7 Hill's R. 130 ; 3 Gill's R. 350 ; 8 Conn. 472 ; 5 Barb. (S. C.) R. 398, 408 ; 1 Hill's R. 516 ; 5 *ib.* 448 ; 10 N. H. 507 ; 15 *ib.* 335 ; 9 B. & C. 449 ; 7 Johns. 311 ; 6 Term R. 52 ; 7 *ib.* 64 ; 8 *ib.* 451 ; 6 H. & J. 166–70 ; Scott v. Myatt & Moore, 24 Ala. 494.

17

RICE, J.—The negotiable note of a debtor is not payment of a pre-existing debt, nor of a debt created at the time it is given, unless there is an *agreement* to receive it as payment. In the absence of any such agreement, if such note is not duly paid, and the creditor is ready to return it, he may enforce by action the original debt or consideration. In every such action, when the creditor at the trial produces such note, and offers to surrender it, the true question is, whether there was any agreement whatever to accept the note as a payment of the debt due to the plaintiff.—Abercrombie v. Moseley, 9 Por. R. 145 ; Scott v. Myatt, 24 Ala. 489 ; Johnson v. Cleaves, 15 N. H. 335 ; The Patapsco Ins. Co. v. Smith, 6 Harris & Johns. R. 166 ; Elwood v. Deifendorf, 5 Barb. Sup. Ct. R. 398 ; 7 Hill's R. 130 ; 9 Missouri R. 59 ; 3 Gill's R. 350 ; 2 Hill's (S. C.) R. 528 ; 2 Bailey, 574 ; 2 Rich. R. 244 ; 8 Conn. R. 472 ; 6 T. R. 52 ; 7 *ib.* 64 ; 8 *ib.* 451 ; 9 B. & C. 449 ; Burden v. Halton, 4 Bing. 454 ; Rolt v. Watson, 4 *ib.* 273 ; Story on Prom. Notes, § 104; 404.

Although such note is not *per se* a payment, nor received as payment, yet it may operate as a suspension of all right of action in the creditor until after it has become due and dishonored, and will amount to an absolute satisfaction, or extinguishment, of the original debt or consideration, under certain circumstances : thus, if it has been transferred by the creditor, and is outstanding in the hands of a third person. Story on Prom. Notes, § 405 ; Black v. Zacharie, 3 How. (U. S.) R. 483. But independent of the existence of any such agreement, or of any such circumstances, the taking of such note does "not raise the presumption of payment."

The charge of the court must be construed in connection with the evidence. The charge in the present case, thus construed, is not in conflict with the law as hereinabove pronounced. The clear and undisputed facts are, that the defendants are the owners of the boat insured,—that the note for the premium was taken "for the purpose of closing the account, on the books of the company"; that before this suit was commenced, the note was protested for non-payment, and that on the trial, it was produced by the plaintiff and offered to the defendants. On these facts, there was neither error nor injury in that part of the charge which declared that "the

taking of the note did not raise the presumption of payment."
6 Harris & Johns. R. 166 ; 15 New Hamp. R. 335, *supra.*
Judgment affirmed.