## McCRARY *vs.* CARRINGTON.

[ACTION ON BILL OF EXCHANGE, BY PAYEE AGAINST DRAWER.]

1. *Bill of exchange not satisfaction of pre-existing debt.*—Giving a bill of exchange for a pre-existing debt does not, in the absence of an agreement to receive it as payment, amount to a satisfaction of the original debt, unless the debtor has been injured by the laches of the creditor, or the bill has been transferred and is outstanding in the hands of a third person.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by Edward J. Carrington, against David F. McCrary, and was commenced on the 22d February, 1858. The complaint contained a count on a bill of exchange for $1592 45, drawn by the defendant, on the 2d January, 1857, in favor of the plaintiff, on Carlisle & Smith, and due ninety days after date, which was alleged to have been protested for non-payment at maturity; and the common counts for money had and received, goods sold and delivered, and on an account stated. The defendant pleaded, "in short by consent, the general issue, payment, and set-off, with leave to give any special matter in evidence."

" On the trial, the plaintiff proved the execution of the bill of exchange described in the complaint, and proposed to read it in evidence to the jury. The defendant objected to its admission as evidence; the court overruled the objection, and allowed it to be read to the jury; and the defendant excepted. The evidence showed the fol-

lowing to be the state of facts: The defendant had become indebted to the plaintiff for a promissory note executed by one John R. Moore, which the defendant had purchased from the plaintiff, and executed said bill of exchange for the balance due and owing by him to plaintiff on account of the purchase of said note. The bill of exchange was not presented for payment until the 26th October, 1857, and the drawees then refused to pay it, on the ground that, after its maturity, the defendant had instructed them not to pay it. The defendant kept a running account with the drawees, and had in their hands sufficient funds to pay said bill, from the time it was drawn, until the 6th October, 1857; and said bill would have been paid, if it had been presented at maturity. On the 7th December, 1857, the plaintiff, by his agent, requested the defendant to pay said bill; but the defendant refused to do so, unless the plaintiff would deduct $500 from the amount thereof, which, he said, was owing to his deceased brother by plaintiff's son. On the same day, the defendant stated and admitted that, prior to that date, he had withdrawn his funds from the hands and control of the drawees; and it was proved, that he had sustained no loss or injury by reason of plaintiff's failure to present the bill at maturity, according to its tenor and effect.

"Upon this evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiff, and assess his damages at the amount specified in the bill of exchange, with interest thereon from the 7th December, 1857; to which charge the defendant excepted."

The admission of the bill of exchange as evidence, and the charge to the jury, are now assigned as error.

J. D. WEBB, for appellant.—The plaintiff was not entitled to recover on the bill; because notice of non-payment is necessary to charge the drawer, where it is shown, as here, that he had funds to meet it in the hands of the drawee at its maturity.—Story on Bills, §§ 107, 108; Chitty on Bills, 733. Nor was he entitled to recover,

under the common counts, on the original consideration for which the bill was given.—1 Parsons on Con. 223–24; Bridges v. Berry, 3 Taunton, 130; 6 Barn. & Cress. 373. The payee was guilty of laches, and thereby made the bill his own; and, of course, it operated a satisfaction of all indebtedness.

JNO. T. LOMAX, and WM. M. BROOKS, *contra.*—The general principle is admitted, that laches in the holder of a bill would discharge the drawer; but this rule has no application, where the legal presumption of damage is repelled by the proof.—Jordan v. Hurst, 2 Jones, (Penn.) 269; Commercial Bank of Albany v. Hughes, 17 Wend. 94; 2 Ala. 370. The plaintiff was entitled to recover on the original indebtedness for which the bill was given; there being no proof that it was taken in satisfaction of the debt, or that the amount had been lost to the defendant by the laches of the holder.—Mooring v. Mobile Insurance Co., 27 Ala. 254, and authorities cited on page 258. There was no need to offer to surrender or cancel the bill, since it would be extinguished by the plaintiff's recovery.

R. W. WALKER, J.—In ordinary cases, the only effect which the giving, by a debtor, of his bill of exchange for a pre-existing debt, has upon such debt, is to suspend the creditor's remedy upon it until the maturity of the bill. Such a bill does not, in the absence of an agreement to receive it as payment, amount to a satisfaction of the original debt, unless the debtor has been injured by the laches of the creditor who receives it, or unless the bill has been transferred by the creditor, and is outstanding in the hands of a third person.—Mooring v. Mobile Marine Dock Co., 27 Ala. 254; Dorrance v. Jones, 27 Ala. 630; Byles on Bills, 303, and note (1), 307; Tarleton v. Allhusen, 2 Ad. & Ell. 32; Parsons' Merc. Law, 82; Cocke v. Chaney, 14 Ala. 65.

In the present case, it does not appear that there was any agreement to receive the bill in satisfaction of the original debt; and it is shown that the creditor has not

transferred it, and that the debtor sustained no injury by reason of the failure of the plaintiff to present the bill for payment at its maturity. This suit having been commenced after the bill fell due, and the complaint containing the common money counts, the plaintiff was, upon the whole evidence, entitled to recover, and the court did not err in so instructing the jury.

The bill was produced on the trial as part of the evidence, and a recovery by the plaintiff was an extinguishment of it, as well as of the original debt for which it was given.—Butler v. Miller, 1 Denio, 407. The formal surrender and cancellation of the bill were, therefore, unnecessary.

Judgment affirmed.