# Mobile Life Insurance Co. *v.* Randall.

*Bill in Equity to Foreclose Mortgage; and Cross-bill by the Wife of the Mortgagor to establish Trust in Mortgaged Premises.*

1. *When trust in favor of the wife will be established in lands purchased by, and conveyed to the husband; protection to bona fide purchaser.*—A court of equity will establish a trust in favor of a married woman in lands purchased by the husband with moneys belonging to her statutory separate estate, and conveyed to him, when the facts, out of which the trust arises, are averred with distinctness and precision, and, if denied or not admitted, are shown by clear, full and convincing evidence; but against such a trust a mortgagee of the husband, who stands in the position of a *bona fide* purchaser for value, and without notice of the wife's equity, is entitled to protection.

2. *When mortgagee is a purchaser for value.*—A creditor, who accepts from his debtor a note payable at twelve months, for a debt past due, thereby releasing parties who were sureties on the debt, and also takes a mortgage on land to secure the note, is a purchaser for value, and, as such, is entitled to protection against a trust in favor of the debtor's wife, resulting from the fact that the land was purchased with moneys belonging to her as her statutory separate estate, of which the creditor had no notice.

3. *When right of action on a debt is suspended.*—When a note, payable twelve months after date, is taken for an existing debt, the right of action on the debt is thereby suspended until the maturity of the note, although there may be no express agreement to that effect; and sureties on the original debt are thereby released, unless they assented to the arrangement.

APPEAL from Etowah Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 20th July, 1879, by the Mobile Life Insurance Company, a body corporate, against R. O. Randall and Josephine T. Randall, his wife, to foreclose a mortgage on land executed by them to secure a debt which the husband, who held the legal title, owed the complainant. Mrs. Randall filed a cross-bill, seeking to have a trust in the land established in her favor, on the ground that the land was purchased with moneys belonging to her as her statutory separate estate. The case made by the record is sufficiently stated in the opinion. On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered granting the relief

VOL. LXXI.

prayed by the cross-bill; and that decree is here assigned as error.

AIKEN & MARTIN, for appellant.

DENSON, DISQUE, & DUNLAP, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The purpose of the cross-bill filed by Mrs. Randall is to establish a resulting trust in the mortgaged premises, upon the ground that they were purchased by her husband, the mortgagor, with money, her statutory estate, held by him as trustee, and the conveyance of the legal estate taken to himself. Trusts of this kind will be established by a court of equity, when the facts from which they arise are averred with distinctness and precision, and, if denied or not admitted, shown by clear, full and convincing evidence.—*Lehman v. Lewis*, 62 Ala. 129; *Tilford v. Torrey*, 53 Ala. 120. There would be much of difficulty in tracing into the purchase of the premises, upon the evidence found in the record, a greater sum than three hundred dollars, of the moneys of Mrs. Randall, and of fixing a lien or trust upon them for an amount exceeding this sum. That is unimportant, however, for if the trust were fully and clearly established, the appellant stands in the relation of a *bona fide* purchaser, without notice, entitled to protection against it.

There is but little, if any, conflict in the evidence. Randall, the mortgagor, was indebted to the Mobile Life Insurance Company in a sum exceeding twenty-six hundred dollars, the debt having been contracted in the course of dealings between them as principal and agent. The company had security for the debt in the form of a bond with sureties, with condition that Randall would account for all moneys received by him as agent. Payment of the balance due from Randall had been demanded by the company, which he was unable, or failed to make. An agreement was made that the account should be settled by Randall giving a note for the amount, payable at twelve months, with interest, and executing a mortgage to secure its payment. The note, bearing date January 13th, 1877, and the mortgage, bearing date the 15th day of the same month, were executed at Gadsden by Randall and transmitted to the company at Mobile, with a statement of the account, in which he credited himself with the note as secured by mortgage.

A *bona fide* purchaser, entitled to protection against prior equities of which he has no notice, is, according to our decisions, one who gives value, yields up an existing right, or changes

[Mobile Life Insurance Co. v. Randall.]

his position for the worse, under the belief that his vendor has title, and is entitled to convey, the belief being justified by the title papers, and all that is at the time apparent to him. When there is a concurrence of these facts, the purchaser has an equity to protection, at least equal to older equities, of which he had no notice, and is not put upon inquiry. The purchase need not be absolute and unconditional—it is enough that value is presently parted with, or credit given on the day of payment of an existing debt extended, or other securities released, and the land taken as a security.—*Boyd v. Beck,* 29 Ala. 703; *Wells v. Morrow,* 38 Ala. 125; *Coleman v. Smith,* 55 Ala. 308; *Cook v. Parham,* 63 Ala. 456; *Thames v. Rembert,* 63 Ala. 561; *Thurman v. Stoddard,* 63 Ala. 336; *Whelan v. McCreary,* 64 Ala. 319.

The distinction recognized and running through these cases is, that a mortgagee taking a mortgage upon the sole consideration of a pre-existing debt or contract, and as mere additional or collateral security for the payment of the debt, or the performance of the contract, is not a *bona fide* purchaser for value— he receives, but gives nothing in return for the mortgage. But if there is a change in the form, character and obligation of the pre-existing debt or contract—if the mortgage is accepted in satisfaction, or, if the debt is presently created, on the faith of the mortgage, or if the day of payment is extended, or any new consideration intervenes, the mortgagee gives as well as receives, and he is a *bona fide* purchaser for value.—*Saffold v. Wade,* 51 Ala. 214.

The difference in the dates of the note and mortgage is unimportant. They were given in consideration of the agreement that the account should be settled by note secured by mortgage, are parts of a single transaction, not closed until they were delivered and accepted by the insurance company. Until delivery, neither note nor mortgage was of any effect, and the delivery of both was simultaneous.—Edwards on Bills & Notes, 150; *Coleman v. Smith,* 55 Ala. 368.

Nor do we deem it important to inquire whether the note was taken in payment of the pre-existing debt due from Randall, though the inferences and presumptions arising from the whole transaction are hardly consistent with any other hypothesis than that such was the purpose of the parties, and such the result contemplated. While it is the general rule that the mere giving of a note or bill for a pre-existing debt will not operate a satisfaction of it, yet, it is as well settled that the acceptance of such note or bill on time suspends the right of action on the original debt, until the note or bill becomes due, or is dishonored. *Mooring v. Mobile Marine Dock Co.,* 27 Ala. 254, *McCrary v. Carrington,* 35 Ala. 698.

[Mobile Life Insurance Co. v. Randall.]

When a note or bill is thus taken in consideration of a pre-existing debt, there may be no express agreement that indulgence shall be given on the original debt, until the maturity of the note or bill; nor an express agreement that indulgence or forbearance is the consideration; the parties must be presumed to intend the legal consequences of their acts; and as the legal consequences are the tying up of the hands of the creditor during the period the right of action on the original debt is suspended, securing indulgence to the debtor for that period, the transaction has the legal effect it would have if, in express terms, it had been stipulated such effect should result. The creditor suffers the detriment, the debtor obtains the benefit, which would be suffered or derived, if, in words, the legal consequences of the transaction had been expressed as matter of agreement.—*Hill v. Bostick*, 10 Yer. 410; *Austin v. Curtis*, 31 Vt. 64.

The taking of the note and mortgage was upon an agreement to give time to Randall for the payment of the balance due from him to the company. The indulgence, the extension of the day of payment, was the consideration moving him to give the note and mortgage. The security of the mortgage was the consideration moving the company to give the longer day for payment. This is clearly shown by the evidence of Randall, and of Friend, the secretary of the company. Randall states that the company desired payment of the balance due from him, but said if he would give ample security, he might pay by degrees; and that it was agreed that the company would take the notes and mortgage in settlement of the account. Friend states that the company urged a settlement; Randall wanted time, and proposed, if it was given, to secure the debt by mortgage. The mere giving collateral security for a debt, maturing after the debt is due and payable, may not operate an extension of time of payment, discharging sureties liable for the payment.— *U. S. v. Hodge*, 6 How. 379.

But if the taking of such security is accompanied with an agreement that the time of payment of the original debt shall be extended until the maturity of such security, the agreement must prevail, and the sureties will be discharged.—Grant on Suretyship, § 319. It would contravene, not only the agreement between these parties, but all their purposes and intentions, if it were held that all right of action on the original debt was not at least suspended until the maturity of the mortgage. The right of action being suspended for that period—the day of payment extended, the sureties of Randall not assenting to, or having notice of it, are discharged. There are, then, entering into the transaction, not only the consideration of the pre-existing debt, but two new present considerations—the exten-

sion of the day of payment, and the release of the sureties on the bond. These new considerations constitute the company a *bona fide* purchaser for value, entitled to protection against resulting trusts, of which they had no notice.

The decree of the chancellor must be reversed, and a decree here rendered dismissing the cross-bill of the appellee, Josephine T. Randall, at her costs, and remanding the cause.