# McCall *v.* Rogers.

*Bill in Equity for Injunction of Sale under Mortgage, an Account, and Redemption; Cross-Bill for Reformation and Foreclosure.*

1. *Trust funds; when followed into hands of third person.*—Trust funds may be followed into the hands of a third person, so long as they can be satisfactorily traced and identified, although he has taken the title to the property purchased with them in his own name; but, to authorize this relief, the facts must be averred with distinctness and precision, and must be proved by full, clear, and convincing evidence.

2. *Protection to mortgagee, as bona fide purchaser.*—A mortgagee of property purchased with trust funds, if he had no notice of that fact, and is a *bona fide* purchaser for value, is entitled to protection against the implied trust arising from such investment of the trust funds; but, if the debt secured by the mortgage is tainted with usury, he is not a *bona fide* purchaser for valuable consideration.

3. *Foreclosure of mortgage; money decree against mortgagor.*—On the foreclosure of a mortgage in equity, a personal decree may be rendered against the mortgagor in the first instance, for the amount due on the mortgage debt, as ascertained under a reference; although an execution can not be issued on such decree (Code, § 3908), until after the mortgaged property has been sold and the sale has been confirmed, and then only for the balance remaining due.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 20th July, 1882, by Mrs. Serena McCall, against James R. Rogers and others; and sought, principally, to enjoin a sale of property under two mortgages, which had been executed to said Rogers by the complainant and her son, H. G. McCall, who was made a defendant to the bill, and also for an account, and for relief on the ground of usury. Daniel and Rena McCall, infant children of the complainant, were also made defendants to the bill, under an allegation that they had or claimed some interest in the mortgaged property. Copies of the two mortgages to Rogers were made exhibits to the bill. The first was dated the 16th December, 1879, and conveyed certain lands in Bullock county,

[McCall v. Rogers.]

with a residence lot and other lots in Union Springs; and it purported to secure an indebtedness of the complainant and said H. G. McCall to said Rogers, evidenced by their two promissory notes, one for $1,170.90, and the other for $685, each of even date with the mortgage, and payable twelve months after date. As to these notes, the bill alleged that they were given for money borrowed from said Rogers by said H. G. McCall, and that each included usurious interest on the money borrowed at the rate of one per-cent. a month. The second mortgage, which was dated January 31st, 1881, and conveyed another lot in Union Springs, recited the indebtedness of the mortgagors as evidenced by the said note for $1,170.90, and also by two other notes, one for $143.83, and the other for $27.75, and that it was given in consideration of forbearance to foreclose the former mortgage until the 16th December, 1881; and the bill alleged that these two small notes were given for the unpaid interest, at the same usurious rate, on the two larger notes. This second mortgage recited, also, that the property conveyed by it was incumbered with another mortgage for $535, in favor of T. J. Alsop. Each of these mortgages was duly proved and recorded; and said Alsop was brought in as a defendant by an amended bill.

An answer to the bill was filed by Rogers, admitting the charge of usury in the mortgage debt, and alleging a mistake in the description of the lands conveyed by the first mortgage; and asking that his answer might be taken as a cross-bill, that said mortgage might be reformed, and that both mortgages might be foreclosed by a sale of the property. A guardian *ad litem* having been appointed for the infant defendants, Daniel and Rena McCall, he filed an answer, alleging that nearly $3,000 belonging to said infants was lent by their guardian, H. G. McCall, to their mother, the complainant in the bill, and was used in payment of the purchase-money of the town property, and in making necessary repairs and improvements on the house; that, to secure the payment of the money so borrowed and used, Mrs. McCall executed her two promissory notes to said H. G. McCall, as guardian of said infants, each for the sum of $1,400, and a mortgage on said property of even dates with the notes, August 5th, 1880; and he prayed that his answer might be taken as a cross-bill, and that said mortgage might be foreclosed. This mortgage was not recorded, and Rogers had no notice of it when he loaned his money to said H. G. McCall and Mrs. McCall; and he filed an answer to said cross-bill, alleging that he had no notice, actual or constructive, of said mortgage and trust in favor of the infants. A decree *pro confesso*, on the original bill, was duly entered

[McCall v. Rogers.]

against said H. G. McCall, but not on the cross-bill of Rogers, nor was any answer to said cross-bill filed by him.

The cause being submitted for decree on pleadings and proof, the chancellor ordered an account to be stated by the register of the amounts due on the several mortgage debts; and on the coming in of the register's report, which was confirmed without objection, he rendered a decree foreclosing the several mortgages, after which the decree thus proceeded: "It is further ordered, adjudged, and decreed, that the complainant and H. G. McCall pay to said T. J. Alsop the sum of $573.95, with interest from March 10th, 1884; and that the complainant and said H. G. McCall pay to said James R. Rogers the sum of $1,595.75, with interest from March 10th, 1884; . . . and that complainant pay to said H. G. McCall, guardian as aforesaid, the sum of $3,383, with interest from March 10th, 1884, the same being the amounts reported by the register to said mortgagees respectively on said 10th March, 1884; and it is further ordered, adjudged, and decreed, that if said sums, with interest, as herein provided, are not paid within thirty days after the adjournment of the court, the register will proceed to sell said real estate," &c.

From this decree Mrs. McCall appeals, and assigns as error: 1st, the decree against her on the second mortgage of Rogers; 2d, the decree against her on the cross-bill of Rogers, before service was perfected on H. G. McCall; 3d, the decree giving a preference to the second mortgage of Rogers over the rights of the minor defendants; 4th, the personal decree rendered against her before a sale of the mortgaged property.

By consent, there were cross-assignments of error by H. G. McCall, and by the infant defendants. The errors assigned by McCall were: 1st, the personal decree against him before the sale of the mortgaged property; 2d, the decree against him on the cross-bill of Rogers, when the cause was not at issue as against him; 3d, the decree giving a preference to the second mortgage of said Rogers over the mortgage to said McCall as guardian for said infants. The errors assigned by the guardian *ad litem* of the infants were: 1st, the decree giving a preference to the second mortgage of Rogers over the mortgage to said McCall as their guardian; 2d, "every order and decree made against them or their interest."

ARRINGTON & GRAHAM, and WATTS & SON, for the appellant, and for each of the parties who assigned errors, cited *Cox v. Railroad Co.*, 37 Ala. 320; *Bolling v. Muncus*, 65 Ala. 558; *Saltmarsh v. Tuthill*, 13 Ala. 390; *Carlisle v. Hill*, 16 Ala. 398; *Wailes v. Couch*, 75 Ala. 134; *Carrington v. Caller*, 2 Stew. 175; *Pettit v. Pettit*, 32 Ala. 288; *Wynne v. Whisenant*,

37 Ala. 46 ; Parsons on Contracts, vol. 1, 457 ; Story on Contracts, § 459 ; Chitty on Contracts, 575, 597 ; *Saffold v. Wade*, 51 Ala. 214 ; *Shorter v. Frazier*, 64 Ala. 74 ; *Chiles v. Boone*, 10 Peters, 177 ; *Prout v. Hoge*, 57 Ala. 28 ; *Wright v. May*, 40 Ala. 550.

SOMERVILLE, J.—Trust funds can be followed into the hands of a third person, so long as they can be satisfactorily traced and *identified*, although such person may have taken the title to the property, in which such funds are invested, in his own name.—*Parker v. Jones*, 67 Ala. 234 ; 2 Perry on Trusts, §§ 828 ; *Whaley v. Whaley*, 71 Ala. 159. But, to induce courts of equity to establish a trust of this nature, not only is it required that the facts, from which the trust originates, should be averred with distinctness and precision, but they must be proved by " clear, full, and convincing evidence."—*Mobile Life Ins. Co. v. Randall*, 71 Ala. 220 ; *Lehman v. Lewis*, 62 Ala. 129.

In all such cases, moreover, it is a settled rule, that a mortgagee, who is a *bona fide* purchaser for value of such property, will be entitled to protection against this prior equity, of which he has had no notice, or of any other secret trust or conveyance. *Rogers v. Adams*, 66 Ala. 600 ; *Mobile Life Ins. Co. v. Randall, supra*.

The evidence manifestly fails to show satisfactorily that the lands mortgaged to the defendant Rogers were purchased with any specific trust funds belonging to the minors in whose behalf this equity is sought to be asserted by cross-bill. There is a total failure of proof as to the identity of these funds.

The chancellor erred, however, in giving the second mortgage of the defendant Rogers, bearing date in January, 1881, the priority over that executed on August 5th, 1880, to H. G. McCall, as guardian of the minor children, Daniel and Rena McCall. The latter conveyance is prior in point of time to Rogers' second mortgage, which was executed by the complainant on the same property. And although it was not recorded, and Rogers probably had no notice of its existence, he was not a *bona fide* purchaser for a valuable consideration, and can not, for this reason, claim protection against the prior equity of these minors. The claims or notes of Rogers, which were secured by this mortgage, were in fact usurious ; and under the authority of *Wailes v. Couch*, 75 Ala. 134, and other previous rulings of this court upon which that case was founded, he can not be regarded as a *bona fide* purchaser. A contract, based on a consideration which is against the pronounced policy of the law, has an element of *mala fides* in it.—*Saltmarsh v. Tuthill*, 13 Ala. 390 ; *Carlisle v. Hill*, 16 Ala. 398.

[Floyd v. Floyd.]

We need not notice the assignments of error based on the omission to serve notice of Rogers' cross-bill on H. G. McCall, as this is susceptible of easy remedy on remandment of the cause.

It is claimed that the chancellor erred in rendering a personal decree against the appellant, Mrs. Serena McCall, before a sale of the mortgaged property. The statute does not prohibit the rendition of a decree personally against the mortgage debtor, in cases of this nature. On the contrary, it declares that, when an account is taken between the parties, and " the amount of indebtedness between them is ascertained " by the decree of the chancellor, such decree shall, of itself, have " the force and effect " of a judgment. The only prohibition is against the issue of an execution on such decree, until the mortgaged property shall have been sold, and the sale confirmed, and the balance due is ascertained by the decree of the court, " when execution must issue for the balance which may be found due."—Code 1876, §§ 3908-9.

For the error above mentioned, of failing to give the mortgage executed to H. G. McCall, as guardian, priority over the second mortgage of Rogers, the decree of the chancellor is reversed, and the cause remanded.

CLOPTON, J., not sitting, having been of counsel.