# Hertzfeld v. Bailey *et al.*

*Bill in Equity to enforce a Vendor's Lien.*

1. *When deposition of a witness, a mortgage and deed properly considered by court.*—When the note of submission recites that the cause was submitted by respondents upon the depositions of a certain named witness and upon "Exhibit A, attached to the cross interrogatories to this witness," which exhibit was a mortgage, and upon an original deed, "copy of which is attached to respondents' answer as Exhibit B," it is not error for the court to consider such depositions, mortgage and deed, since the note of submission shows that they were regularly introduced in evidence.

2. *Evidence; when mortgage and deed admissible without proof of execution.*—A mortgage duly executed, acknowledged and recorded within twelve months after execution, and a deed duly executed and acknowledged and recorded within two years after the passage of the

act approved February 21, 1889, (Acts 1888–89, p. 41), are admissible in evidence without proof of their execution.

3   *Vendor's lien; not enforceable against a bona fide purchaser without notice.*—A vendor can not enforce his lien for the payment of the purchase money of land against a *bona fide* purchaser of such land from his vendee without notice of the existence of such lien.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on December 13, 1890, by the appellant, Reuben Herzfeld, to enforce a vendor's lien upon certain lands described in the bill. The foundation of the claim for a vendor's lien, was a note or bond, which was executed by J. J. Bailey & Co. to one D. L. McAlister, which recites that it was given for the purchase money of the lands upon which the lien is sought to be fastened.

The individual members of the firm of J. J. Bailey & Co., and the members of the firm of Garrett & Sons are made parties defendant, and the bill alleged, as to the latter, that they set up "some sort of interest in" the property sued for ; but does not allege the character of their interest. There was a decree *pro confesso* against the individual members of J. J. Bailey & Co., and the other respondents filed their answer to the bill of complaint, setting up the defense therein, that they were innocent *bona fide* purchasers for value without notice of the claim sought to be enforced by the complainant.

The testimony taken on the hearing of the cause tended to show, that D. L. McAlister, on December 29, 1885, sold and conveyed by deed to J. J. Bailey & Co. the lands involved in this controversy, Bailey & Co. executing, at the time of the purchase, the note which is the foundation of the complainant's claim, for one of the deferred payments of the purchase money; and that said note was duly endorsed and transferred to the complainant and has never been paid.

The testimony for the defendants tended to show that J. J. Bailey & Co., being indebted to the firm of Garrett & Sons in the sum of $2,160 for merchandise sold to them, executed, on February 25, 1888, a mortgage to said Garrett & Sons to secure the payment of said indebtedness, conveying in said mortgate, among other property, the lands involved in this controversey. This mortgage was executed by the individual members of the

[Hertzfeld v. Bailey *et al.*]

firm of J. J. Bailey & Co. jointly with their wives; execution thereof was duly acknowledged on February 27, 1888, and it was filed for record in the office of the Judge of Probate on March 28, 1888. The mortgage debt not having been paid at maturity, Garrett & Sons, through their agent, Geo. E. Driver, sold the lands conveyed in the mortgage, under the power contained therein, and at said sale George J. Garrett, one of the members of the firm of Garrett & Sons, being the highest bidder, became the purchaser. At the request of Garrett & Sons, after said purchase by George J. Garrett, J. J. Bailey & Co., on November 27, 1888, executed a deed to the said purchaser, George J. Garrett, conveying the lands sold under the mortgage, and purchased by said Garrett. This deed was executed by the individual members of the firm of J. J. Bailey & Co., together with their wives; was duly acknowledged on the date of its execution, and was filed for record in the office of the probate judge, on January 14, 1890. This mortgage was attached as "Exhibit A" to the cross interrogatories to Geo. E. Driver. The taking of the mortgage, the foreclosure thereof, and the making of the deed to George J. Garrett was attended to by George E. Driver, the agent of Garrett & Sons. In the deposition of said Driver, he testified, that he was not aware of the ownership by the complainant of the note, which is the foundation of his claim for a vendor's lien, until the evening of the day the land was sold under the mortgage, after such sale had been made, and that neither he nor any member of the firm of Garrett & Sons had any notice of such claim by the complainant, before the execution of the mortgage to them by J. J. Bailey & Co., or before the purchase by, and the conveyance of the land to, said George J. Garrett.

The complainant objected to the introduction in evidence by the defendant, of the deed dated November 27, 1888, from J. J. Bailey & Co. to George J. Garrett, because "said deed is not self proving, and its execution was not properly proven." He also objected to the introduction of the mortgage made by Bailey & Co. to Garrett & Sons, on the ground that the execution thereof was not properly proved, and that the mortgage was not actually offered in evidence. The complainant also objected to the consideration by the court of the deposition of George E. Driver, and of the said deed and

[Hertzfeld v. Bailey *et al.*]

mortgage just mentioned, because they were not "by the note of submission, offered in evidence." The note of submission recited that the respondents submitted their cause, "1st. Upon their answer and amended answer and exhibits thereto attached. 2d. Upon the depositions of Geo. E. Driver and Exhibit A attached to the cross interrogatories to this witness. 3d. Upon the original deed dated December 29th, 1885, from D. L. McAlister and wife to J. J. Bailey & Co. a copy of which is attached as Exhibit A to respondents' answer. And upon the original deed dated November 27th, 1888, from J. J. Bailey & Co. to Geo. J. Garrett, a copy of which is attached to respondents' answer as Exhibit B."

On the hearing of the cause, upon the pleadings and proof, and the objection of the complainant to certain portions of the evidence introduced, the chancellor overruled the objection to the introduction of the deed, mortgage, and the deposition of George E. Driver; and upon the consideration of the evidence, decreed that the complainant was not entitled to the relief prayed for, and dismissed his bill. The complainant brings this appeal, and assigns as error the overruling of his objection to the certain portions of the evidence, and the decree rendered dismissing his bill of complaint.

W. D. BULGER, for appellant. 1. A deed to be self-proving and admissible in evidence, must be acknowledged, certified and recorded within twelve months after its execution. Code of 1886, § 1798; *Coker v. Ferguson*, 70 Ala. 284.

2. A mortgage made, as in this case, to secure an antecedent debt, will not constitute the mortgagee an innocent purchaser for value.—*Thames v. Rembert*, 63 Ala. 561.

3. A mortgagee, purchasing at his own sale, when not protected as mortgagee buying on his debt and paying out nothing, will not be protected as a *bona fide* purchaser for value, against complainant's equities.—*Craft v. Russell*, 67 Ala. 9; *Wells v. Morrow*, 38 Ala. 125.

H. J. GILLAM, *contra*, cited *Mobile Life Ins. Co. v. Randall*, 71 Ala. 220; *Craft v. Russell*, 67 Ala. 9; 3 Brick. Dig. 814, §§ 224, 225.

HEAD, J.—There is no merit in the objection to the

introduction, or consideration by the court, of the mortgage of Bailey & Co. to Garrett & Sons, their deed to Garrett, and the deposition of Driver. The note of submission shows they were regularly introduced. The mortgage was duly acknowledged and recorded within twelve months after execution. The deed was duly acknowledged and recorded within the time allowed by the act approved February 21, 1889.—Acts 1888–89, p. 41.

Garrett & Sons were *bona fide* purchasers without notice of complainant's vendor's lien. Having a debt of $2,160 against Bailey & Co., presently due, they extended payment thereof for more than seven months, upon the execution of a mortgage upon the land to secure it. The debt not having been paid, they foreclosed the mortgage, and procured the mortgagors to convey by absolute deed to Garrett, one of the mortgagees, in satisfaction of the debt. All of this took place without any notice to either of the mortgagees, or any one representing them, of complainant's equity. There seems to us no possible ground on which complainant can claim a decree.—*Thames v. Rembert*, 63 Ala. 561; *Mobile &c. Ins. Co. v. Randall*, 71 Ala. 220.

Affirmed.