# Elyton Co. *v.* Hood.

## *Action on Promissory Note.*

1. *When vendee of land becomes surety for sub-vendee for purchase money.*—If one purchases land and executes his notes for the purchase money, receiving a bond for titles, and then sells the land and transfers the bond for titles to his vendee, under the condition expressed in the transfer that his vendee should pay his indebtedness for the purchase money, and this condition and promise was made known to and accepted by the original vendor, the original vendee becomes the surety of his vendee; and if the original vendor takes the notes of the sub-vendee extending the time of the payments of the purchase money without the consent of the vendee, he thereby changes the original contract and discharges the original vendee from further liability on his notes.

2. *When vendee is not affected by agreement between vendor and sub-vendee.*—If a vendor of land accepts the promise of a

[Elyton Co. v. Hood.]

sub-vendee to pay the purchase money owing by the vendee, and without the consent of the vendee extends the time of payment to the sub-vendee the liability of the vendee cannot be preserved or restored by an after agreement between the vendor and sub-vendee that the transaction shall not affect the liability of the vendee.

3 The date of a promissory note is *prima facie* evidence of the true date of its execution.

4. *When extension of time presumed* —An agreement to extend time will be presumed from the date and terms of payment of the new notes given.

APPEAL from the City Court of Birmingham.
Tried before Hon. W. W. WILKERSON.

On the 30th day of November, 1886, the Elyton Land Co. sold certain lands to William Hood and executed to him bond for titles, receiving from him promissory notes for the purchase money. This suit was brought on one of these notes. On March 2nd, 1887, the said Hood sold said lands to J. C. Abernathy and transferred to him the bond for title, the said Abernathy agreeing to pay the indebtedness due the land company by said Hood, which promise was accepted by the land company. On the 12th of October, 1888, the said Abernathy executed his promissory notes to the land company for the unpaid purchase money of said lands. On the 4th day of March, 1889, the land company executed a deed of conveyance to said land to said Abernathy and took mortgage on the lands to secure the unpaid purchase money. The original bond for titles was given up and cancelled. The promissory notes executed by the said Abernathy and received by the Land Co. were payable at different dates from the original notes of Hood—the Land Co. extending to said Abernathy an extension of time for payment of purchase money for the land. Hood was not party to the transaction between the Land Co. and Abernathy. At the time the deed was made by the Land Co. to Abernathy he executed an agreement to the Land Co. that the original notes given by Hood should remain in full force notwithstanding the contract between him and the Land Co. This cause was tried by the court, a jury having been waived, and judgment was rendered for the defend-

[Elyton Co. v. Hood.]

ant, on the ground presented by the pleas of the defendant that he was discharged from liability on the note by reason of the new contract between the Land Co. and Abernathy, which altered the original contract between the company and the defendant.

ALEX P. LONDON and JOHN LONDON, for appellant, cited the following authority: Bigelow on Estoppel, 570; 2nd Herman on Estoppel, 906; *Leinkauff v. Munter,* 76 Ala. 194; 6 Waits Actions & Dedenses, 679.

GEORGE A. EVANS, *contra.*—The taking of new notes maturing after the old notes in itself extended the time of payment, and released the surety.—"The Kimbal 3d Wall." 45; *Frank v. Williams,* 18 So. Rep. 356; *Brandt* on Suretyship, 309; 24 Am. & En. Ency., p. 835; *Hubbard v. Guerncy,* 84 N. Y. 466. (2). The presumption is that a note or other instrument was delivered on the day of its date.—*Aldridge v. Bank,* 17 Ala. 48; *Burns v. Moore,* 76 Ala. 342. (3). Hood became by the transactions the surety of Abernathy.—*Moses v. B. & L. Ass'n,* 100 Ala. 465; 24 Am. & Eng. Ency. 419. (4). Any material alteration absolves the surety.—*Anderson v.* Wall." 45; *Frank v. Williams,* 18 So. Rep. 356; Brandt on Suretyship, Sec. 338.

TYSON, J.—It is conceded by counsel for appellant that the defendant was a surety for Abernathy after the acceptance by the plaintiff of his promise to pay the four promissory notes held by it, executed by the defendant, aggregating the sum of $2,800, each for $700, dated November 30, 1886, and due respectively one, two, three and four years after date, with interest, for the purchase of certain lots sold by plaintiff to defendant. The mortgage executed by Abernathy and the deed from plaintiff to him and the agreement executed by plaintiff and Abernathy extending the time of payment of the debt assumed by him, with defendent, of date March 4th, 1889, are practically the same in substance and legal effect as those construed by this court in *Hodges v. Elyton Land Co.,* 109 Ala. 617. The distinctive difference between the facts of that case and this one, grows out of the fact that

the notes executed by Abernathy to the plaintiff for the indebtedness assumed by him purport on their face to have been executed nearly five months prior (to-wit October 12, 1888) to the agreement between the plaintiff and Abernathy providing for the extension of time to Abernathy and the preservation of the rights of the defendant as surety. If the fact is established by the evidence that the plaintiff accepted the notes of date October 12, 1888, on that day, without the consent of the defendant, this was an alteration of the terms of the defendant's contract as surety and discharges him from all liability. And this is true, notwithstanding there may have been no agreement between plaintiff and Abernathy, other than the implied one which arises out of the making of the notes by Abernathy payable to the plaintiff at a different time fixed in defendant's notes assumed by Abernathy. The contention of appellant's counsel is, that as the only evidence offered in the cause in support of the averment of the plea that on the 12th day of October, 1888, the plaintiff for a valuable consideration agreed with Abernathy to extend the time within which to pay the notes of the defendant assumed by him and did on that date accept the two notes, describing them, was the notes by Abernathy to plaintiff dated October 12, 1888, for $218.14, payable April 12, 1889, and one for $3,000 of the same date and payable in twelve installments every six months, beginning April 12, 1891, and running to Oct. 12, 1896, coupons for the semi-annual interest due upon the note, and the bond for title from plaintiff to defendant and the assignment, that this was not sufficient to establish the fact of an agreement to *extend the time* in which the notes executed by the defendant were to be paid. The whole theory of this insistence is based upon the fact that the $218.14 note due April 12, 1889, and a portion of the installments as provided in the $3,000 note did not extend beyond the day fixed in the note of the defendant, the foundation of this suit, for its maturity. The fallacy of this theory can be shown by a resort to the evidence, independent of its unsoundness as a matter of law.

On the 12th day of October, 1888, Abernathy, the principal, owed to the plaintiff three notes of $700 each, with

[Elyton Co. v. Hood.]

interest from November 30, 1886, due respectively November 30, 1888, Nov. 30, 1889, and Nov. 30, 1890, and a past due note of $700, with interest, due Nov. 30, 1887, for the payment of all of which the defendant was his surety. The notes given by him, not only extended the indebtedness evidenced by the past due note, but extended the entire principal of the debt beyond the maturity of the last note of the defendant, to-wit, April 12, 1891. So we have not only a change in the terms of the defendant's contract as to the date of payment, but we have an extension of the time to Abernathy, beyond the date of the maturity as to the principal of the debt, of all the notes. We have no doubt this was sufficient, if the notes were delivered by Abernathy to plaintiff, to prove the allegations of the fourth plea. The taking of them by the plaintiff suspended the right of action on the debt until their maturity, although there may have been no express agreement to that effect, and the defendant, as surety on the original debt, was thereby released, unless he consented to the arrangement.—*Mobile Life Ins. Co. v. Randall,* 71 Ala. 220; *Mobile & Montgomery Railway Co. v. Brewer,* 76 Ala. 135; *Haden v. Brown,* 18 Ala. 641; 2 Brandt on Suretyship, § § 343, 360.

As said in *Mobile Life Ins. Co. v. Randall, supra,* "When a note or bill is thus taken in consideration of a pre-existing debt, there may be no express agreement that indulgence shall be given on the original debt until the maturity of the note or bill; nor an express agreement that indulgence or forbearance is the consideration; the parties must be presumed to intend the legal consequences of their acts, and as the legal consequences are the tying up the hands of the creditor during the period, the right of action on the original debt is suspended, securing indulgence to the debtor for that period, the transaction has the legal effect it would have, if, in express terms, it had been stipulated such effect would result. The creditor suffers the detriment, the debtor obtains the benefit, which would be suffered or derived, if in words, the legal consequences of the transaction had been expressed as matter of agreement."

Were the notes of Abernathy delivered to the plaintiff on the day of their date? The presumption is, that they

were, and their date as shown by the face of the notes is *prima facie* evidence of the true date of their making and delivery.—*Alridge v. The Branch Bank of Decatur,* 17 Ala. 45; *Burns & Co. v. Moore & McGhee,* 76 Ala. 339.

The introduction of these notes in connection with the bond for title and assignment thereof by defendant to Abernathy proved the facts alleged in his fourth plea and shifted the burden of proof upon the plaintiff to prove the facts alleged in his special replication thereto. In this replication, it is alleged that the notes of Abernathy of date October 12, 1888, were executed contemporaneously with the agreement of March 4, 1889, preserving the rights of the defendant as surety. The only evidence relied upon in support of this replication, it not being disputed that the defendant knew nothing of the execution of the notes, is the recitals found in this agreement, the mortgage of Abernathy to secure his notes, and the deed from plaintiff to him to the land. There is nothing in either of these instruments which tends in the remotest degree to contradict the date of the notes as it appears on them. On the contrary in each of them, wherever reference is made to the notes, the words "has executed" are invariably used; and we may add the conclusion is inevitable from the evidence, that the agreement was an after-thought, and not in the contemplation of the parties on the day the notes were executed. Besides, the dates fixed for the maturity of the installments, being respectively April 12th and October 12th, are to our minds conclusive of their delivery on the date they bore date.

The defendant was discharged from liability when the agreement of March 4 was made, and therefore he cannot possibly be affected by any of its terms.

What we have said renders it unnecessary to review the rulings of the court upon the pleadings.

The judgment of the court must be affirmed.

Affirmed.