# Hoots *v.* Williams.

### *Bill in Equity to enforce Vendor's Lien.*

1. *Foreclosure of mortgage; bona fide purchaser.*—He who buys prop-
erty at a foreclosure sale of a mortgage, having no notice that the
mortgage was affected with usury, may be a *bona fide* purchaser, even
though the mortgagee, by reason of the mortgage being affected with
usury, was not an innocent purchaser.

2. *Foreclosure of vendor's lien; estoppel of vendor.*—The holder of a
vendor's lien is estopped to assert his lien, as against one who bought
the property at the foreclosure sale of a mortgage, which had been
given by the vendee, and at which sale he, the vendor, was present,
and not only made no objection to the sale, but stated that he had no
claim upon the land.

APPEAL from the Chancery Court of Lamar.

Tried before the Hon. W. H. SIMPSON.

The bill in this case was filed by the appellant against
the appellee, to enforce a vendor's lien upon certain
lands described in the bill. The facts of the case are
sufficiently stated in the opinion.


NESMITH & NESMITH and DANIEL COLLIER, for appel-
lant.—1. The defendant Williams was not entitled to
the protection of a *bona fide* purchaser for value without
notice.—*Webb v. Elyton Land Co.*, 105 Ala. 472; *Hooper
v. Strahan*, 71 Ala. 75; *Craft v. Russell*, 67 Ala. 9.

2. The mortgagee in the mortgage under which ap-
pellee Williams claims, by charging usurious interest,
destroyed his right to invoke the protection of a *bona fide*
purchaser without notice.—*Meyer Bros. v. Cook*, 85 Ala.
417; *McCall v. Rogers*, 77 Ala. 349; *LeGrand v. Eufaula*

[Hoots v. Williams.]

*Nat. Bank*, 81 Ala. 123 ; *Woolsey & Sons v. Jones & Bro.*,
84 Ala. 88. Williams, as the purchaser of said land, is
chargeable with notice of all the facts relating to the
mortgage ; and, therefore, can not claim the protection
of being a *bona fide* purchaser without notice.—*Taylor v.
Forsey*, 56 Ala. 426 ; *Sanders v. Robertson*, 57 Ala. 465 ;
*Overall v. Taylor*, 99 Ala. 12 ; *Manassas v. Dent*, 89 Ala.
565 ; *Reynolds v. Kirk*, 105 Ala. 446.

3. The doctrine of estoppel does not apply in this
case. We have shown what we conceive to be the law.
Williams having been the purchaser at the mortgage
sale the principle of *caveat emptor* applies. It is not
shown in this case that the conduct of the appellant is
sufficient to constitute an estoppel, and it is not shown
that the appellee acted upon, or was misled by it.
*Colbert v. Daniel*, 32 Ala. 314.

J. C. MILNER, J. D. McCLUSKEY and S. J. SHIELDS
*contra.*

COLEMAN, J.—The bill was filed to enforce a ven-
dor's lien upon certain land, to satisfy a balance of pur-
chase money alleged to be due from L. A. Hoots, the
vendee. An absolute deed of conveyance, acknowledging
full payment of purchase money, with covenants of war-
ranty, was made to the vendee, and no note or other evi-
dence of the unpaid purchase money was taken from the
vendee. L. A. Hoots, the purchaser, executed a mort-
gage upon the land to one Johnson, to secure a loan of
money and a past due account. This mortgage was
foreclosed, according to its terms, and John Williams,
the respondent, became the purchaser of the land at the
foreclosure sale. Complainant's claim is resisted upon
three grounds : *First*, that all the purchase money was
paid by L. A. Hoots, the purchaser ; *second*, that respon-
dent Williams was an innocent purchaser at the fore-
closure sale, and entitled to protection as such ; and
*third*, that complainant has estopped himself from assert-
ing a vendor's lien upon the land. Upon final hearing,
the chancellor found from the evidence, that there was
nothing due complainant and dismissed his bill. The
appeal is taken from this decree. There was evidence
certainly which justified the conclusion of the chancery
court. The complainant relied upon his own testimony

[Hoots v. Williams.]

and that of his brother and father to establish the claim that there was a balance of purchase money due from the vendee of the land. While there were some other witnesses who sustained the general character of these witnesses as being worthy of credit, in our opinion, the evidence that they were not worthy of credit, considered in connection with the other facts of the case, preponderated. It is singular, that on the day of sale, the complainant, though present, gave no notice of his claim, but allowed the sale to proceed without objection. According to some of the testimony which is not impeached, on the day of the foreclosure sale, the complainant stated he had nothing against the land.

We are of opinion, however, that the conclusion of the chancellor might have been rested upon another ground. It is true that Johnson, the mortgagee, charged the mortgagor (the vendee) usurious interest upon the loan and account secured, and according to the decisions of this court, he can not be regarded as an innocent purchaser.—*Meyer Bros. v. Cook*, 85 Ala. 417; *McCall v. Rogers*, 77 Ala. 349; *Peterson v. Steiner Bros.*, 108 Ala. 629. This rule is not in harmony with the weight of authority in other courts, (*Oates v. National Bank*, 100 U. S. 239), and though it is the established doctrine of this court, we are not disposed to extend it to a purchaser at the foreclosure of the mortgage, who had no notice that the mortgage was affected with usury. As to the testimony tending to show that Williams was notified at some previous time by the Hoots that there was a balance of purchase money due, and declaration by Williams to the effect that he believed the sale to complainant by his brother was a sham, after a careful reading of the evidence, in connection with the character of the witnesses, and of the evidence itself, we are not much impressed with it. We are reasonably satisfied that on the day of sale, the complainant not only made no objection to the sale, but stated to respondent and others that he had no claim upon the land. It would be inequitable to allow him to assert such a claim now. In any view the question is considered, we are not willing to disturb the view reached by the chancery court.

Affirmed.