# Lehnert *v.* Lewey *et al.*

*Action Upon a Promissory Note.*

1. *Promissory note; discharge of surety by extension of time to principal.*—An extension of the date of payment of a promissory note granted by the owner of the note to the principal and founded on a valuable consideration, discharges the surety, if made without his knowledge and consent; but a plea by a surety which sets up such discharge is subject to

demurrer if it contains no averment that the agreement be-
tween the owner of the note and the principal debtor to ex-
tend the time of payment was supported by a valuable con-
sideration.

APPEAL from the Circuit Court of Colbert.

Tried before the HON. ED. B. ALMON.

This action was brought by the appellant, George A.
Lehnert against J. S. Lewey and Peter J. Karge, and
counted upon a promissory note for $50.00. The defend-
ant Karge pleaded the general issue, payment and the fol-
lowing special pleas:. 3d.    That defendant Peter J.
Karge was surety on the obligation sued on in this case
and this fact was known to the plaintiff before said obli-
gation was purchased and transferred to him. That be-
fore default in the payment of said obligation and be-
fore plaintiff became the owner of same defendant Karge
stated to plaintiff that when said obligation matured,
he, Karge, wanted it paid, and if defendant Lewey did
not pay it, he Karge would pay it and indemnify himself
from the property security mentioned in said obligation.
That he would not be liable on said obligation any lon-
ger.    That notwithstanding these facts all of which was
known to plaintiff, he purchased said obligation and for
a valuable consideration .moving from the defendant
Lewey, extending the payment of said obligation with-
out the knowledge or consent of the defendant, Karge,
wherefore he pleads his discharge from all liability on
said obligation."    "4th.    For further answer to said
complaint defendant Karge said, he signed the obliga-
tion sued on in this case as surety for the accommodation
of defendant Lewey, and this fact was known to plain-
tiff before he purchased said obligation, and prior to the
purchase of same by plaintiff, he was informed by de-
fendant Karge that he wanted said obligation paid at
maturity as he would not consent to remain liable on
same any longer and if defendant Lewey did not pay it,
he, Karge, would do so and indemnify himself out of the
stock mentioned in said obligation as security therefor,
which stock was in possession of said Lewey at the matu-
rity of said obligation and liable for its payment and
sufficient for its full satisfaction.    That knowing these

facts, plaintiff purchased said obligation under an agree-ment with the defendant Lewey to extend the payment of said obligation, and did extend the payment of same without the consent of the defendant Karge, and neglected and refused to sue defendant Lewey, or enforce the satisfaction of said obligation from the stock mentioned therein to the damage of defendant Karge in the sum of one hundred dollars, wherefore he says he is discharged from further liability on said obligation."

The plaintiff demurred to the 3d and 4th pleas upon the following ground: "Because said plea fails to show a valid and legal contract between the plaintiff and the defendant Lewey, extending the time of payment of the obligation or note sued on, supported by a legal and valid consideration without the consent of defendant Peter J. Karge, by which plaintiff was disabled from suing on the original contract or obligation during the period for which the time of payment was extended." The demurrers to the 3d and 4th pleas were overruled. Under the opinion on the present appeal it is unnecessary to set out in detail the facts of the case. There were verdict and judgment for the defendants. The plaintiffs appeal and assign as error the overruling of the plaintiff's demurrer to pleas 3 and 4.

ISAAC ORME, for appellant. Mere extension of time of payment to the principal, without any consideration therefor, does not release the surety.—*Howle v. Edwards,* 97 Ala. 649; 11 So. Rep. 748; *Cox v. Mobile & Girard R. R. Co.,* 37 Ala. 320.

WILHOYTE & NATHAN, *contra.*

TYSON, J.—Special plea numbered four (4) was subject to the demurrer interposed to it. It contains no averment that the agreement between plaintiff and Lewey to extend the time of payment was supported by a valuable consideration.—*M. & M. R. R. Co. v. Brewer,* 76 Ala. 135; *Scott v. Scruggs,* 95 Ala. 383; *Howle v. Edwards,* 97 Ala. 649.

It is wholly insufficient to invoke the defense afforded under section 3884 of the Code.

The only objection urged against the sufficiency of plea three is that the agreement to extend the time of payment is not shown to have been for a valuable consideration. The plea expressly avers this fact. It is true it does not aver for what length of time the extension was given, but if this be a defect, it is not insisted upon.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.