[Wittmeier, *et al.* v. Tidwell.]

# Wittmeier, *et al. v.* Tidwell.

### *Bill to Foreclose Mortgage.*

(Decided 'Feb. 6, 1906. 4 0So. Rep. 963.)

1.' *Mortgages; Right to Foreclosure; Tender of Amount Due.*—A sale under a mortgage is invalid 'where the amount due thereon was tendered before any steps were taken to make sale under the power.

2. *Same; Attorney's Fees.*—In order to terminate a' mortgagee's right to foreclose a mortgage by sale under the power, where the mortgage provided for the payment by the mortgagor of all attorney's fees legally incurred in collecting the indebtedness or in foreclosing the mortgage, a tender of the attorney's fees legally incurred before the tender is necessary.

3. *Same; Pleadings.*—A bill averring a tender of attorney's fees to attorney of respondent, but not alleging that 'the tender was made before steps were taken to foreclose the mortgage, such averment was insufficient to show a valid tender.

4. *Same; Offer to do Equity; Payment into Court.*—Where the complainant offers to pay whatever is found to be due under the mortgage, that is a sufficient offer to do equity, without a payment of the money into court.

5.' *Same; Parties.*—When the bill avers that the mortgagee has transferred or assigned the mortgage, but that the assignment did not divest him of the legal title to the property conveyed by the mortgage, such mortgagee is a proper, if not necessary, party respondent to the bill seeking to restrain the foreclosure.

6. *Pleadings; Conclusions.*—Where the allegation was that the mortgagor tendered the mortgagee the money and cotton called for by the mortgage, but without specifying the amount of either, such averment was insufficient, as it was a mere conclusion of the pleader.

APPEAL from Blount Chancery Court.

Heard before HON. A. H. BENNERS.

Wittmier sold Bentley a certain piece of land, taking the mortgage to secure the deferred payments which were evidenced by four promissory notes falling due No. 1, 1905, 1906, 1907 and 1908. The first note provided for

[Wittmeier, *et al.* v. Tidwell.]

the payment of one thousand pounds good, average lint cotton and $23.59, and the others for one thousand pounds good, average lint cotton each. The mortgage contained the following clause: "If said grantor shall sell, transfer, trade or remove any of said property, or attempt the same, then all of said notes shall at once become due and payable; and in either one of said events, the grantor hereby agrees to pay all costs, expenses and attorney's fees that may be legally incurred in collecting the indebtedness aforesaid, or in foreclosing this mortgage." The mortgage contained the further stipulation: "The refusal to be given to J. S. Wittmier when selling." Wittmier transferred this mortgage to Bradford, and on Dec. 3rd, 1904, Bentley sold and conveyed the land covered by the mortgage to Tidwell, whereupon Bradford elected to mature the indebtedness secured by the mortgage and advertise the land for sale under the power therein. Tidwell filed this bill praying for an injunction to restrain Bradford and his attorneys from foreclosing alleging first, that the accelerating clause in said mortgage was invalid and inoperative and that the foreclosure was premature. Second, in the event the accelerating clause was valid and the debt was due, he had tendered to the attorney of Bradford and to Wittmier the money and cotton due under the terms of the mortgage. Respondents demurred to the bill, made a motion to dismiss it for want of equity and to dissolve the injunction. From a decree overruling the motion this appeal is prosecuted.

GEORGE L. SMITH, for appellant.—Parties may contract for a stipulated contingency to mature a mortgage, and the character of the contingency is one of no consequence.—*Chambers v. Marks,* 93 Ala. 412; *Keith v. McLaughlin,* 105 Ala. 339; *Parker v. Oliver,* 106 Ala. 549. The acclerating clause was not a penalty.—*Parker v. Oliver, supra; Chambers v. Marks, supra.* The mortgagee had the power to sell the entire property upon default and after paying the installments due retain the surplus to meet other installments.—*McLean v. Presley,* 56 Ala. 211; *Fulgham v. Morris,* 75 Ala. 245. The ac-

[Wittmeier, *et al.* v. Tidwell.]

celerating and option clauses are not repugnant.—1 Jones on Mortgages, § 101; *Mason v. Ala. Iron Co.* All instruments must be construed against him who gives or undertakes or enters into an obligation.—*Nelson v. Manning,* 53 Ala. 549; *Seay v. McCormick,* 68 Ala. 549; *Comer v. Bankhead,* 70 Ala. 136. It was not sufficient to tender the $23.59 and the four thousand pounds of cotton after the law day of the mortgage. It should have been tendered on the law day.—*Powe v. Powe,* 42 Ala. 116; *Toulmin v. Sager,* 42 Ala. 123; *Rudolph v. Wagner,* 36 Ala. 698. After the law day the contract was breached and the damages became liquidated, in the amount of $423.59, and that amount should have been tendered.— *Rody v. McGeterick,* 49 Ala. 62; *Keeble v. Keeble,* 85 Ala. 552. Complainants have a plain and adequate remedy at law.—*Keith v. McLaughlin,* 105 Ala. 339; *Sullivan v. McLaughlin,* 99 Ala. 60. The tender was not sufficient as no tender was made of attorney's fees.—*McAuley v. Otey,* 103 Ala. 469; A. & E. Enc. of Law, pp. 17 and 32. Nor was the tender offered to be kept good.— *Frank v. Pickens,* 69 Ala. 369; *Welch v. Phillips,* 54 Ala. 309; *Maxwell v. Moore,* 95 Ala. 171. Nor was the tender maintained a sufficient length of time.—*Hamaker v. Bynum,* 137 Ala. 391.

EMORY C. HALL, for appellee.—A court of equity will enjoin the sale or set it aside if it is attempted to pervert the power from its legitimate purposes for any reason. —*Loan Asso. v. Lake,* 69 Ala. 456; *Struve v. Childs,* 63 Ala. 472; *McAuley v. Otey,* 90 Ala. 302. The bill may be filed in a double aspect averring full payment and yet offering to pay any balance due.—*Fields v. Helms,* 70 Ala. 460; *Whitney v. Dunham,* 89 Ala. 493. It is not essential to the equity of the bill that it aver tender prior to the filing.—*McQuire v. VanPelt,* 55 Ala. 344; *Hammett v. White,* 128 Ala. 380. In the absence of an answer verified and containing full and complete denial an injunction will not be dissolved unless the want of equity in the bill is apparent on its face.—*E. & W. R., R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275; *Jones v. Ewing,* 56

[Wittmeier, *et al.* v. Tidwell.]

Ala. 360. Under the assignment of the mortgage the legal title did not pass and both Bradford and Wittmier were necessary parties thereto.—*Barron v. Barron,* 122 Ala. 192; *Moon v. Jacob,* 103 Ala. 548.

ANDERSON, J.—"Generally, the purpose for which the power of sale is given being to afford an additional and more speedy remedy for the recovery of the debt, the mortgagor is by the contract bound to exercise necessary promptness in fulfilling it, and cannot complain of a legitimate exercise of the power. If in any case it is attempted to pervert the power from its legitimate purpose, and to use it for the purpose of oppressing the debtor, or of enabling the creditor to acquire the property himself, a court of equity will enjoin the sale, or will set it aside if it is made."—2 Jones on Mortgages, 1801; *Loan Association v. Lake,* 69 Ala. 456; *Struve v. Childs,* 63 Ala. 473. The bill in the case at bar avers that the amount due upon the mortgage was tendered before any steps were taken to make a sale under the power contained. If this be true, a sale would be a useless ceremony for collecting the debt, which was the only purpose for which the power to make was given; and if the sum due had been tendered, and the mortgagee refused to accept it and proceeded to make a sale, this would be a clear perversion of the power, which would amount to oppression. The bill avers that the mortgagee did not accept the tender, but claimed that $40 would be due as attorney's fees, and thereupon advertised the property for sale. Of course, the mortgagor must have tendered what was due, else the mortgagee would have the right to sell the property to collect what was due him; and if a part, and not all, had been tendered him, he could still make the sale, which would not amount to oppression or a perversion of the power.

The bill does not aver a tender of the attorney's fees, so, if the same were due, the tender was not sufficient. If, on the other hand, it was not due and owing, then he

[Wittmeier, *et al.* v. Tidwell.]

clearly had no right to sell the property, if everything else due had been tendered. The mortgage provides for the payment of all attorney's fees "that may be legally incurred in collecting the indebtedness or in foreclosing this mortgage." The bill avers that the tender was made to the attorney of the respondent, but does not aver that it was made before steps had been taken to foreclose the mortgage or collect the debt. If the respondent had incurred any attorney's fee before the tender was made, such reasonable attorney's fee so incurred should have been tendered, as well as any costs incurred in a foreclosure before the tender. The third ground of demurrer should have been sustained. The bill sufficiently offers to do equity by offering to pay the amount due, and it is not necessary that it should have been paid into court, if such a thing were possible in the case at bar.—*Loan Association v. Lake, supra; Rogers v. Torbut,* 58 Ala. 523.

The bill avers that Wittmier had assigned the mortgage to Bradford, but the assignment as disclosed on the mortgage did not divest Wittmier of the legal title.—*Robinson v. Cahalan,* 91 Ala. 479, 8 South. 415; *Sanders v. Barron,* 122 Ala. 194, 25 South. 55. In this case Wittmier was a proper, if not a necessary, party.

The chancellor erred in overruling the fifth and sixth grounds of demurrer. The bill does not set up the amount tendered, or the quantity and class of the cotton, but simply avers "the money and cotton called for by the mortgage." This was but a conclusion of the pleader, and the bill should have specified and defined what was tendered, in order that the chancellor could ascertain whether or not it was the "money and cotton called for by the mortgage."

The decree of the chancellor is reversed, and the cause remanded.

Tyson, Dowdell, and Simpson, JJ., concur.