(80 South. 79)

GARRETT v. COBB. (1 Div. 72.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. MORTGAGES ⟺300 — SATISFACTION — TENDER.

Bill averring that, before respondent acquired deed to land from mortgagee, complainant had tendered amount due upon mortgage to mortgagee, and that respondent knew this before buying the land, does not show a satisfaction of the mortgage, within Code 1907, § 4899, as to payment of mortgage debt revesting title.

2. MORTGAGES ⟺302 — TENDER OF AMOUNT DUE—EFFECT.

Tender of amount due before foreclosure, followed up by an offer to do equity, would enable mortgagor to prevent by injunction foreclosure by sale for the reason that it would be unnecessary and oppressive.

3. MORTGAGES ⟺534—FORECLOSURE—LEGAL TITLE.

If there was a sale by foreclosure of mortgage before trial of detinue suit and ascertainment of mortgage indebtedness and payment of the same by mortgagor, purchaser acquired legal title to the land, and subsequent satisfaction of mortgage in detinue suit would not defeat purchaser's title.

4. MORTGAGES ⟺298(4)—FORECLOSURE—TITLE.

If mortgage had not been foreclosed as to the land when the mortgage indebtedness, as ascertained upon trial of detinue suit, was paid, the mortgage became satisfied, and deed procured through subsequent foreclosure was invalid.

5. QUIETING TITLE ⟺12(9) — REMOVING CLOUD—PEACEABLE POSSESSION.

The bill not being, strictly speaking, one under statute to quiet title, but by the owner in possession to remove or cancel a deed as a cloud upon his title, peaceable possession was not essential to plaintiff's cause of action.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Bill by Z. T. Cobb against S. C. Garrett for an injunction restraining Garrett from interfering with complainant in the use and enjoyment of certain land, and to cancel a deed executed by Ladd and others to Garrett as a cloud upon complainant's title. Decree for complainant, and respondent appeals. Affirmed.

The allegations of the bill are, substantially: That Cobb was the owner of certain land therein, and that on February 23, 1914, he and his wife executed a certain mortgage to Frank M. Ladd & Co., conveying said land as security therefor. That in May, 1915, Ladd & Co. filed suit against this complainant in the circuit court of Clarke county, based on said mortgage, and that at the trial of said suit the jury ascertained the amount due on said mortgage, at the suggestion of said Cobb, and that said jury ascertained and fixed said mortgage indebtedness. That Ladd & Co. had been seeking to collect an amount greatly in excess of the amount due on said mortgage, and of the amount ascertained by the jury to be due on said mortgage. That, prior to the commencement of said suit in said circuit court, complainant had tendered and offered to pay said Ladd & Co. the amount really due on the mortgage, and has been ready and willing at all times since then to pay such money, but that said Ladd & Co. refused to receive it. That, within 30 days after the rendition of said judgment, complainant paid into the circuit court the amount ascertained by said jury as due on said mortgage, together with interest thereon, which amount was paid in accordance with the order of said court. That after the commencement of said suit in the circuit court, and before the trial thereof, said Ladd & Co. executed an instrument purporting to be a deed conveying to said S. C. Garrett the land described.

Complainant alleged that said Garrett knew at the time of the delivery of said deed of the pendency of said suit in the circuit court by said Ladd & Co., against complainant, and knew that complainant disputed the indebtedness claimed by said Ladd & Co. Complainant also alleges that before the alleged sale of said land, and before Garrett claimed to have acquired any title to said land, Garrett knew, or had been informed, that complainant had tendered or offered to pay to Ladd & Co. the amount lawfully due under said mortgage, and that said Gar-

rett did not bid on or purchase said land at the alleged foreclosure sale as recited in said deed, and as a matter of fact the land was not sold July 26, 1915. Complainant further alleges that, at the trial in the circuit court at which the indebtedness under said mortgage was ascertained, said Cobb did not ask for, nor did he receive, nor did said Ladd & Co. offer to give credit on, said mortgage indebtedness for the proceeds of the sale of said land, and this complainant did not know at the time of said trial that said Garrett had paid to said Ladd & Co. any amount whatever as purchase price for said land. It is further alleged that said Garrett has placed said deed on record, and has interfered with and is seeking to interfere with complainant and his tenants in the use and enjoyment of said land. "Complainant further shows that said instrument further purporting to be a deed, a copy of which is hereto attached, is void, and the same is a cloud upon the title of complainant."

T. J. Bedsole, of Grove Hill, for appellant.
F. E. Poole, of Grove Hill, for appellee.

ANDERSON, C. J. [1] The bill as amended avers that before respondent acquired the deed to the land from the mortgagee, Ladd & Co., the complainant had tendered the amount due upon the mortgage to the mortgagee, and that respondent knew this before buying the land. This, however, does not show a satisfaction of the mortgage, as the mere tender did not so satisfy the mortgage as to divest the title, as nothing short of payment would do so. Section 4899 of the Code of 1907.

[2] True, a tender of the amount due before a foreclosure, followed up by an offer to do equity, would enable the mortgagor to prevent by injunction the foreclosure by sale, for the reason that it would be unnecessary and oppressive. Wittmeier v. Tidwell, 147 Ala. 354, 40 South. 963. The first headnote in this case is misleading, and does not conform to the opinion, which does not hold that a sale of the property after tender would be invalid. The opinion holds that it would be prevented or set aside after made by appropriate action, etc., but not that such a sale was void. Therefore the only theory upon which the amended bill has equity is that there was no foreclosure of the mortgage under which the respondent got his deed and that the mortgage has been paid in full.

[3, 4] The respondent's deed recites a sale by foreclosure of the mortgage before the trial of the detinue suit and the ascertainment of the mortgage indebtedness and the payment of same by the complainant, mortgagor, and if this is true the respondent, Garrett, acquired the legal title to the land, and the subsequent satisfaction of the mortgage in this suit for the personal property did not defeat his said title. The bill, however, avers that, notwithstanding the recitals of the deed, the sale was never in fact made, and that there was not a foreclosure of the mortgage as to the land prior to the payment of the mortgage indebtedness and cost, as ascertained in the detinue suit, and that no credit was allowed or considered of the amount alleged to have been paid for the land in the ascertainment of the mortgage indebtedness in the detinue trial. In other words, that the mortgage still existed as such, and had not been foreclosed as to the land when the mortgage indebtedness as ascertained upon the trial was paid. If this is true, the mortgage became satisfied and the respondent's deed is invalid and should be canceled, and the bill as last amended contains equity. If, however, this material averment of the bill is not true and the mortgage was in fact foreclosed by a sale of the land as recited in the deed, the respondent acquired title to the land and was not bound by the subsequent ascertainment of the amount of the indebtedness in the detinue suit, whether the amount paid for the land was or was not credited upon the trial, as it was for the complainant to prove this credit.

It is true, the mortgage authorized a public or a private sale; but the respondent claims under a public sale and not a private one, and must therefore stand or fall upon such a sale.

[5] The present bill is not, strictly speaking, one under the statute to quiet title, but is by the owner in possession to remove or cancel a deed as a cloud upon his title, and did not have to aver a peaceable possession as required under the statute. Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172, and cases there cited and discussed.

The decree of the circuit court in overruling the demurrers is affirmed.

Affirmed.

SAYRE, SOMERVILLE, and THOMAS, JJ., concur.