(123 So. 17)

### ABEL v. FRICKS. (6 Div. 402.)

Supreme Court of Alabama. May 30, 1929.

Rehearing Denied June 27, 1929.

Windham & Countryman, of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

ANDERSON, C. J. ▮ Generally the purpose for which the power of sale is given being to afford an additional and more speedy remedy for the recovery of the debt, the mortgagor is by the contract bound to exercise necessary promptness in fulfilling it and cannot complain of a legitimate exercise of the power. If in any case it is attempted to pervert the power from its legitimate purpose and to use it for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself, a court of equity will enjoin a sale or will set it aside if made. Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963, and authorities there cited. Or, as was said in the case of Castleman v. Knight, 215 Ala. 429, 110 So. 911: "If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which it was intended."

▮ We are of the opinion and so hold that the act of the respondent in declaring the forfeiture of the entire debt and in attempting to sell the property, under the existing circumstances, was a palpable perversion of the power and was an attempt to oppress the appellee rather than a bona fide effort to collect the debt. It is true, the mortgage provides for a right to declare the whole debt due with the right to foreclose upon a default in the payment of any of the installments, and there was a slight delay or default in meeting the fourth note, but this default was due to the conduct of the respondent rather than the complainant. It is also true that the notes were payable at the First National Bank, and this was, prima facie at least, the place for the complainant to pay them; but the bill charges and the proof shows that upon the execution of the papers the respondent upon maturity of the first three notes presented them to the complainant at his place of business and which he promptly paid. This would have impressed any man with the idea that the respondent would have presented the fourth note in like manner, else would have notified the complainant that it was or would be placed in the bank. It also appears that as soon as complainant could, after receiving notice from the bank, he went to pay the note and found that respondent had withdrawn the same and placed the papers in the hands of a lawyer. The facts indicate that the respondent set a trap for the complainant, and we think he has a strong, equitable excuse or defense as against the forfeiture in the payment of the note in question, and which the complainant tendered or offered to pay as soon as he had an opportunity to do so.

None of the authorities, cited by appellant's counsel, are in conflict with the equitable rule here enunciated and followed.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.