(131 So. 555)

**TALLEY v. WEBSTER.**

**1 Div. 602.**

Supreme Court of Alabama.

Dec. 18, 1930.

Gordon, Edington & Leigh, William Hamilton, and J. G. Bowen, all of Mobile, for appellant.

190

Harry T. Smith & Caffey and T. Wills Moore, all of Mobile, for appellee.

GARDNER, J.

█ The legitimate purpose for which a power of sale is given in a mortgage is to secure repayment of the mortgage indebtedness. If this power is perverted from its legitimate purpose and is used as for the oppression of the debtor or to enable the creditor to acquire the property for himself, or other illegitimate purpose, a court of equity will enjoin the sale or set it aside after it is made. This equitable principle is well recognized by the authorities generally (3 Jones on Mortgages [8th Ed.] § 2330), and has been given application in numerous decisions of this court, among those most recent, Castleman v. Knight, 215 Ala. 429, 110 So. 911; Abel v. Fricks, 219 Ala. 619, 123 So. 17; Ballenger v. Price, 219 Ala. 412, 122 So. 628; Marsh v. Elba Bank & Trust Co., 207 Ala. 553, 93 So. 604; and Henderson Law Co. v. Wilson, 161 Ala. 504, 49 So. 845, wherein the earlier cases are noted.

█ The bill charges respondent with using the power of sale for the purpose of acquiring the property for himself and not the collection of the debt, and scheming to this end refused "to accept what was due on the mortgage, though the full amount thereof was tendered." The averments as to the interest note which became due June 23, 1926, and respondent's conduct in regard thereto, tend to substantiate the theory of the bill that respondent attempted to accelerate the maturity of the principal sum for the purposes above indicated. We think the bill is sufficient to invoke the equitable principle above noted.

█ The averments of the bill show a tender and refusal of the amount due on the interest note as well as his refusal to accept the full amount due on the mortgage, notwithstanding complainant's offer to do so, and arrangements completed to that end. In the bill complainant submits herself to the jurisdiction of the court and offers to pay whatever may be found due on accounting. The foregoing averments suffice for the purposes of the case, and no further tender or payment of the money into court was necessary. McCalley v. Otey, 90 Ala. 302, 8 So. 157; Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963. The case of Garrett v. Cobb, 202 Ala. 241, 80 So. 79, holds nothing to the contrary.

The question as to consideration for agreement of extension of the due date of a note, treated in Lehnert v. Lewey, 142 Ala. 149, 37 So. 921, cited by appellant, is without application here, where the equitable principle above noted is sought to be invoked. Nor was the exact date of the extension here essential, as it is averred the tender was within the extension period, all of which is evidential matter having relation to the question of oppression and an abuse of the power of sale. The case of Shields v. Sheffield, 79 Ala. 91, cited by appellant, is therefore not here controlling.

█ If the foreclosure sale was fraudulent and therefore subject to be avoided, the mortgagee in possession may be held accountable for rent and waste. Johnson v. Davis, 180 Ala. 143, 60 So. 799; American Freehold Mtg. Co. v. Pollard, 132 Ala. 155, 32 So. 630; Perdue v. Brooks, 85 Ala. 459, 5 So. 126; Harmon v. Dothan Nat. Bank, 186 Ala. 360, 64 So. 621; vol. 3, Jones on Mortgages (8th Ed.) §§ 2448 and 2451.

We have considered the objections to the bill as argued by counsel for appellant, and conclude they are not well taken.

There is no error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.