141 So. 226

**DAVIS et al. v. ASHBURN et al.**

8 Div. 372.

Supreme Court of Alabama.

April 14, 1932.

John B. Young and Watts & White, all of Huntsville, for appellants.

Brickell & Johnston, of Huntsville, for appellee.

**KNIGHT, J.**

Under the complainants' bill, as amended, the decree of the circuit court of Madison county, from which the present appeal is prosecuted, was as favorable to the complainants as the evidence in the case, fairly considered, warranted.

As originally filed, the bill sought to quiet title in the complainants to a certain lot or parcel of land in Madison county, of which the complainants averred they were in the actual and peaceable possession, claiming to own the same in their own right. The bill makes J. R. Ashburn, the Tennessee Valley Bank and W. A. Given parties defendant thereto, and they are called upon "to set forth and specify their respective titles, claims, interest, or incumbrance in, to and upon the property, and how and by what instruments the same are derived and created."

The respondents Tennessee Valley Bank and W. A. Given filed separate answers to the bill, each in effect disclaiming any present interest in the property, or any lien or incumbrance upon the same.

The respondent J. R. Ashburn filed his answer to the bill, and made the same a cross-bill, making the complainants cross-defendants thereto. By his answer and cross-bill, the said Ashburn averred that he was the owner of the property described in the bill, and that he derived his title thereto through a deed from the Tennessee Valley Bank to him. He averred that Flora Davis, then an unmarried woman, and the owner of the property, on the 12th day of March, 1924, executed and delivered to the Tennessee Valley Bank a mortgage upon the said real estate, and that, upon default in the payment of the debt secured thereby, the Tennessee Valley Bank, under the power contained in the mortgage, and in strict compliance with its terms, sold the property on October 27, 1930, and at the sale he (Ashburn) became the purchaser, and a deed of conveyance was duly executed to him. A copy of the deed is made an exhibit to the answer and cross-bill. The cross-complainant prayed that the court "ascertain and determine that the complainants have no right, title or interest in and to the property described in the bill, but that the title thereto be by decree of the court ascertained, fixed and vested in this defendant," etc.

The complainants derived whatever title they had to the property from Flora Davis, as her heirs at law, being the father and mother of said Flora Davis, who had died before the filing of the bill in the cause.

On submission of the cause, on the pleading and proof, the court decreed: (1) That the defendants Tennessee Valley Bank and W. A. Given had no right, title, claim, or interest in the property described in the bill, (2) that the complainants have no right, title, claim, or interest therein (unless it be a statutory right of redemption, which is not decided), and dismissed the original bill, "but without prejudice to complainants' right to take such steps as they may be advised to protect and effectuate their statutory right of redemption, if any they have"; and that the cross-complainant, J. R. Ashburn, had the legal title to the real estate described in the bill, by reason of his purchase at the foreclosure sale, and had a valid title thereto as against any claims of the complainants, except such right as they may have by statute to redeem. From this decree the complainants prosecute the present appeal, and assign for error the entire decree.

There is no contention but that Flora Davis owned the property at the time she executed the mortgage, and notes secured thereby, to the Tennessee Valley Bank, nor is it disputed that this mortgage constituted a valid incumbrance upon the property at the time it was executed. The complainants claim in the right of sole heirs at law of the mortgagor, who had died some time before the present bill was filed. The complainants insist that the Tennessee Valley Bank had charged usury in making the loan to Miss Davis, and in each renewal of the loan, and that, if all interest paid was applied to a reduction of the principal of the indebtedness, it (the principal) had been extinguished at the time the bill was filed. The complainants further insist that before the bill was filed, and after the death of their daughter, they offered to pay the full amount of the debt and interest, including taxes paid and insurance to the mortgagee, the Tennessee Valley Bank, but that it declined to take the money. The testimony offered by complainants tended to show that they had made this offer and its refusal; while the testimony offered on behalf of the respondents tended to show no such offer was made.

On the subject of usury and tender, we find the chancellor in his opinion has this to say:

"The court is of opinion that the bank, in the original loan, and in the renewals thereof, deducted interest in advance, did not violate the law against usury, and that its right to do so is fully recognized by section 8568 of the Code and decisions construing that section.

"The court is of opinion, further, that if usurious interest was collected by the bank, in the various renewals or extensions, or in and about the foreclosure proceeding, this would not affect Ashburn's title, in the absence of notice to him thereof. Hoots v. Williams, 116 Ala. 372, 22 So. 497.

"Whatever the court might think as to the weight of the evidence relative to tender is also immaterial, in so far as Ashburn's rights are concerned, no notice being ever given to him that a tender had been made. Garrett v. Cobb, 202 Ala. 241, 80 So. 79."

■ Confessedly, while the bill states a case entitling the complainants to relief, as a bill to quiet title, the evidence shows conclusively to our minds that the cross-complainant, by his purchase at the foreclosure sale, acquired the legal title to the property, subject only to the statutory redemption right of the complainants as heirs at law of the deceased mortgagor, and, therefore, that the complainants were not entitled to the relief prayed for in their bill, as one to quiet title.

■ If it be conceded that the complainants made a valid tender of the mortgage debt and interest, including taxes and insurance, before foreclosure proceedings were resorted to, that did not satisfy or discharge the debt, or the mortgage lien upon the property.

In the case of Garrett v. Cobb, 202 Ala. 241, 80 So. 79, 80, this court said: "The bill as amended avers that before respondent acquired the deed to the land from the mortgagee, Ladd & Co., the complainant had tendered the amount due upon the mortgage to the mortgagee, and that respondent knew this before buying the land. This, however, does not show a satisfaction of the mortgage, *as the mere tender did not so satisfy the mortgage as to divest the title, as nothing short of payment would do so.*" (Italics supplied.)

Continuing, it is further said in Garrett's Case, supra: "True, a tender of the amount due before a foreclosure, followed up by an offer to do equity, would enable the mortgagor to prevent by injunction the foreclosure by sale, for the reason that it would be unnecessary and oppressive. Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963." The tender, which complainants allege they made to the bank, did not satisfy or discharge either the debt, or the mortgage given to secure it. Garrett v. Cobb, supra; Code, § 9026. It is only by virtue of this section of the Code that payment of the mortgage debt reinvests the legal title in the mortgagor. Askew v. Sanders, 84 Ala. 356, 4 So. 167; Abbett v. Page, 92 Ala. 571, 9 So. 332.

■ The complainants' insistence that the mortgage debt was tainted with usury, and that the mortgagor had paid more than the principal borrowed on the security of the mortgage, even if conceded to be the case, which is not, cannot defeat the rights of the purchaser at the foreclosure sale for two all sufficient reasons: First, there is no evidence in the record to show that Ashburn had any notice whatever of the usurious charge, if any; and, second, the complainants do not, by their pleadings, in any way, present the question of usury.

On the subject of usury, in the case of a purchaser at foreclosure sale, this court, speaking through Coleman, J., in the case of Hoots v. Williams, 116 Ala. 372, 22 So. 497, 498, said: "It is true that Johnson, the mortgagee, charged the mortgagor (the vendee) usurious interest upon the loan and account secured; and, according to the decisions of this court, he cannot be regarded as an innocent purchaser. Meyer Bros. v. Cook, 85 Ala. 417, 5 So. 147; McCall v. Rogers, 77 Ala. 349; Peterson v. Steiner Bros., 108 Ala. 629, 18 So. 688. This rule is not in harmony with the weight of authority in other courts (Oates v. National Bank, 100 U. S. 239 [25 L. Ed. 580]), and, though it is the established doctrine of this court, we are not disposed to extend it to a purchaser at the foreclosure of the mortgage, who *had no notice that the mortgage was affected with usury.*" (Italics supplied.)

And, again, when usury is interposed as a defense, the facts which constitute it must be specifically set forth. Speaking on this subject, and quoting from Tyler on Usury, this court has said: "That the debtor 'must in his answer or plea, both at law and in equity, set up the usury specifically, stating distinctly and correctly the terms of the usurious agreement and the amount of the usurious premium.' And the pleader is cautioned to make this defense, 'bearing in mind always, that the courts are more rigid and technical in their practice in cases of usury, than in ordinary cases of equity jurisdiction.'" Munter v. Linn, 61 Ala. 492; Bradford v. Daniel, 65 Ala. 133; Security Loan Ass'n v. Lake, 69 Ala. 456; Masterson v. Grubbs, 70 Ala. 406; Burns v. Campbell, 71 Ala. 271; Kilpatrick v. Henson, 81 Ala. 464, 1 So. 188; Welsh v. Coley, 82 Ala. 363, 2 So. 733; Woodall v. Kelly, 85 Ala. 368, 5 So. 164, 7 Am. St. Rep. 57; Moses v. Home B. & L. Ass'n, 100 Ala. 465, 14 So. 412; Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55; Bernheimer v. Gray, 201 Ala. 462, 78 So. 840.

■■ The appellants insist also that there is no evidence in the case that the mortgage was ever foreclosed or that Ashburn became the purchaser. The foreclosure deed was introduced in evidence, and also there was other evidence in the case tending to show that the mortgage was foreclosed, and that Ashburn became the purchaser of the property for $600, and that he paid the purchase price in money to the mortgagee. The evidence was given by the witnesses in open court before the judge of the court. The court found that the mortgage had been duly foreclosed and that Ashburn was the purchaser. We see no good reason to disturb the findings of the trial court on the facts in the case. Dinkins v. Latham, 202 Ala. 101, 79 So. 493, is

authority sufficient for holding that the recitals of the foreclosure deed, as against the mortgagor and his privies in title, are prima facie evidence of a valid foreclosure, when made by the mortgagee, his attorney in fact, or an auctioneer assuming to execute the power of sale.

It thus appears that by the foreclosure of the mortgage of Flora Davis to the Tennessee Valley Bank, and the purchase thereat by the respondent J. R. Ashburn, the latter acquired the legal title to the property involved in this suit. The complainants were, therefore, not entitled under the evidence to the relief prayed for in their bill as one to quiet title, and the chancellor correctly so decreed.

The only possible right now owned by complainants in the property is the statutory right of redemption, unless complainants can show notice of usury or collusion.

As a bill to enforce the statutory right of redemption, it is without equity, as the complainants have not brought into court the redemption money, nor alleged any sufficient excuse for not doing so. Code, § 10147; Slaughter v. Webb, 205 Ala. 334, 337, 87 So. 854; Lacy v. Fowler, 206 Ala. 679, 681, 91 So. 593.

The decree of the circuit court is in accord with the foregoing views, and is here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.