65 So.2d 491

**COLLINS et al. v. THOMPSON et al.**

**7 Div. 147.**

Supreme Court of Alabama.

March 13, 1953.

Rehearing Denied May 28, 1953.

H. Herbert Evans and R. A. Norred, Anniston, for appellants.

Young & Young, Anniston, for appellees.

MERRILL, Justice.

This is an appeal from a decree sustaining the demurrer to the several aspects of the amended bill of complaint, except to that aspect seeking to quiet title.

Appellees have moved this Court to dismiss the appeal because (1) the transcript was not filed within sixty days after the appeal was taken, and (2) that no notice of appeal was given W. O. Reaves, one of the respondents.

Neither of these grounds is well taken. (1) The appeal was taken December 14, 1951; the first call of the Seventh Division was on January 14, 1952, less than sixty days. The transcript was filed in this Court March 24, 1952, long before the day of the ensuing call of that division,—May 26, 1952. This is held to be sufficient. McCoy v. Wynn, 215 Ala. 172, 110 So. 129, and cases cited in the first paragraph of the opinion. (2) The citation of appeal was served on C. H. Young, Jr., who had appeared as attorney for all the respondents including W. O. Reaves. Service of citation on his attorney of record is sufficient. Evett v. Mitchell, 251 Ala. 22, 36 So.2d 98.

The motion to dismiss the appeal is overruled.

### On the Merits.

The bill in this cause was amended three times and each time the court sustained demurrers to all the aspects of the bill except that aspect seeking to quiet title.

The complainants were mortgagors and the respondents mortgagees. The mortgage secured an indebtedness of $2,138, which was payable in fifty-three consecutive monthly payments of $40 each and a final payment of $18 commencing on January 1, 1949. The mortgage contained the usual acceleration clause applicable upon default and a power of sale.

The effect of the decree was to sustain demurrers to the following aspects of the bill as last amended:

"That aspect seeking to enjoin respondents from interfering with complainants' possession of the premises described in the complaint; that aspect seeking to have declared void and of no effect the alleged sale to W. O. Reaves insofar as complainants' equity of redemption was concerned; that aspect seeking to have it adjudged which of the respondents is entitled to receive the money now due under the mortgage, and to compel such respondents to accept payment; that aspect seeking to set aside the foreclosure of the mortgage."

In short, complainants seek to set aside the foreclosure sale and to be permitted to continue to pay the monthly installments provided for in the mortgage.

The law governing cases of this nature is well stated in Abel v. Fricks, 219 Ala. 619, 123 So. 17, 18, where the Court, speaking through Chief Justice Anderson, said:

"Generally the purpose for which the power of sale is given being to afford an additional and more speedy remedy for the recovery of the debt, the mortgagor is by the contract bound to exercise necessary promptness in fulfilling it and cannot complain of a legitimate exercise of the power. If in any case it is attempted to pervert the power from its legitimate purpose and to use it for the purpose of oppressing the debtor or of enabling the creditor to acquire the property himself, a court of equity will enjoin a sale or will set it aside if made. Wittmeier v. Tidwell, 147 Ala. 354, 40 So. 963, and authorities there cited. Or, as was said in the case of Castleman v. Knight, 215 Ala. 429, 110 So. 911: 'If he uses the power to sell, which he gets for that purpose, for another purpose, from any ill motive, to effect means and purposes of his own, or to serve the purposes of other individuals, the court considers that to be what it calls a fraud in the exercise of the power, because it is using the power for a purpose foreign to the legitimate purposes for which it was intended.'" See, Talley v. Webster, 222 Ala. 188, 131 So. 555.

The allegations in the bill in the case before us do not meet the test as declared in the cases cited. The bill as amended is so lengthy that it will not be set out verbatim, but it does allege that all payments were made regularly by complainants until April 1, 1951. It then appears that a third party, one Sam Carpenter, began to confer with or advise complainants and demand payment of one-half of the notes. No payments were made to respondents in April, May or June, and on June 6th complainants received a letter from an attorney stating that he had the notes for collection. Complainants and Carpenter went to the attorney's office and offered to pay half the notes in default to him and half to Carpenter, but the attorney told them he could not accept such arrangement without authority, and on July 18th this attorney wrote complainants that he could get no such authority. Complainants then went to their attorney and he advised them to pay the notes in default immediately. Sometime later the notes were taken from the first attorney and delivered to Young and Young, attorneys for respondents, who initiated foreclosure proceedings after four monthly payments were in default.

We have carefully examined the bill as amended, and find that it does not explain clearly why complainants quit paying their monthly installments, or what connection Sam Carpenter had with the matter, or why his advice was followed instead of that of two attorneys, one of whom was complainants' attorney. We have consulted every authority cited by appellants, but the facts in each of those cases differ in a considerable degree with those in the instant case. Appellants insist that the case of Moseley v. Ritter, 226 Ala. 673, 148 So. 139, 142, is determinative of the issue here involved. Among other things, the Court found in that case "that she [complainant] was ready, willing, anxious, and able to pay the debt; that, notwithstanding all this, Ritter, Wynn & Carmichael, then the holders of the note and mortgage, undertook to sell the property under the mortgage, and one of the holders appeared and bought the property." Here the allegations show complainants to be "ready, willing, able and eager" to pay their debt, but *upon their own terms*, paying only $20 per month to the mortgagees, and $20 per month to Carpenter. This fact alone distinguishes this case from Moseley v. Ritter, supra. The bill here admits a default of four months prior to the filing of the bill and the reason for that default is not clearly or satisfactorily shown.

In the case of Cooper v. Peak, 252 Ala. 384, 41 So.2d 590, 593, we find the following: "* * * a bill in equity must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So com-

plete must be the averment of facts that on demurrer or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. McDonald v. Mobile Life Ins. Co., 56 Ala. 468." The bill under consideration falls short of the standard quoted.

■ We are, therefore, of the opinion that the decree of the court sustaining the demurrer to the bill as last amended except as to that aspect seeking to quiet title, was free from error.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.

## On Rehearing.

MERRILL, Justice.

We have again read the bill as last amended in conference and we think the opinion is correct. Attorneys for appellants conclude their application and brief with this statement:

"If, however, the Court should consider the opinion correct, we suggest, with all deference to the Court, that the allegations of paragraph six (6) of the bill as it now reads, should be set out in their entirety, in the opinion, since, if they do not adequately explain a mortgagor's failure to pay installments coming due, there exists a trap for the unwary, which should be called to the attention of the members of the legal profession."

Paragraph six of the bill as last amended reads as follows:

"That subsequent to the facts alleged in paragraph 5, and also during the month of March, 1951, an agreement was made by and between your respondent, J. D. Thompson and one Sam Carpenter on, to-wit, March 23, 1951, said agreement having been made in the presence of your complainant Willie Collins, and said agreement being to the effect that out of each of the subsequently maturing notes secured by said mortgage, Sam Carpenter was to receive Twenty Dollars ($20) and the respondent J. D. Thompson was to receive Twenty Dollars ($20.)"

Applying the most liberal rules of construction to this paragraph, it still does not answer the two obvious questions: (1) From whom was Sam Carpenter to receive the twenty dollars, and (2) wherein has this allegation changed in any respect the fact that the three respondents are still the payees of said notes?

The application for rehearing is denied.

All the Justices concur.