These appeals arose out of an action brought by Leslie Rhoden and Nancy Rhoden to enforce their statutory right of redemption pursuant to § 6-5-237, Code 1975.[1] We affirm in part, reverse in part, and remand with instructions.
On August 22, 1983, Shelby Wilson and Ollie Wilson foreclosed on a mortgage on a 160 acre tract of land which had been executed in their favor on March 10, 1981, by the Rhodens. Thomas Miller and Sheila Miller purchased the property at the foreclosure sale and on September 16, 1983, sold one-half of it to J.T. Miller and Debra Miller and the other half on January 26, 1984, to John L. Miller and Connie Miller. On July 11, 1984, the Rhodens, pursuant to § 6-5-236, Code 1975, gave notice of their intent to redeem and requested a statement of the debt and lawful charges. The Rhodens were furnished with a statement of charges totaling $33,403.81. They did not dispute the amount so stated. There was testimony at trial which tended to show that the Rhodens were prepared to redeem the property several days prior to the expiration of the one-year statutory redemption period provided for in § 6-5-230, Code 1975. (The Rhodens had $7000 in cash and a loan commitment from the Federal Land Bank Association in the amount of $28,000.) However, when the Rhodens' closing attorney contacted the attorney representing J.T., Debra, John L., and Connie Miller to discuss a closing, he was informed that they would not convey title to the property. They took the position that the Rhodens had lost their statutory right of redemption by initially failing to relinquish possession of the property to Thomas and Sheila Miller within the ten-day period prescribed in § 6-5-233, Code 1975.
Shortly thereafter, on August 21, 1984, the Rhodens filed a complaint in the Circuit Court of Franklin County, seeking to enforce their right of redemption in the property. The Rhodens also deposited the sum of $7000 with the trial court.
On May 20, 1985, the trial court ruled that the Rhodens were entitled to redeem the property. Its order, in pertinent part, reads as follows:
 "A trial of this cause was had on the 7th day of May 1985, at which time the parties appeared before the Court with their respective attorneys of record. Now, therefore, upon consideration of the oral testimony and the exhibits offered at the trial of this cause, the Court finds from the evidence that the plaintiffs failed to comply with the terms of the statute conferring the right of redemption (Section 6-5-230, et seq., Code of Alabama, as amended), but from the evidence the plaintiffs have shown sufficient valid reason for their failure to pay or tender to the defendants the entire purchase money. The Court, therefore, finds from the evidence that the plaintiffs did not lose their statutory right of redemption as contended by the defendants."
On August 2, 1985, the trial court entered the following order:
 "The attorney for the defendants having filed a summary of all lawful charges due and owing to the defendants and the Court having considered the same, it is hereby ORDERED, ADJUDGED and DECREED by the Court that the plaintiffs shall have the right to redeem the property described in the complaint filed *Page 56 
in this cause upon the payment of $36,877.44, representing principal, interest and taxes, within thirty (30) days of the date of this order. It is further ORDERED that the order entered herein is a final order for the purpose of appeal by either party within the time prescribed."
The Rhodens appeal from this order setting the redemption price at $36,877.44. A cross-appeal has been filed by the Millers challenging the trial court's judgment allowing redemption.
Initially, we should note that where a trial court has heard ore tenus testimony, its judgment or decree based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Thompson v. HartfordAccident Indemnity Co., 460 So.2d 1264 (Ala. 1984).
We first consider the cross-appeal. It is argued that the Rhodens lost their statutory right of redemption by initially failing to relinquish possession of the property to Thomas and Sheila Miller within the ten-day period prescribed in § 6-5-233, supra. That section, in pertinent part, reads as follows:
 "(a) The possession of the land must be delivered to the purchaser by the debtor, if in his possession or in the possession of anyone holding under him by privity of title, within 10 days after written demand for the possession has been made by the purchaser, vendee or his agent.
". . .
 "(c) Failure of the debtor or anyone holding under him to comply with the provisions of this section forfeits the right of redemption. . . ."
The thrust of this argument is that the Rhodens failed to relinquish possession by not removing a mobile home, a tractor, and approximately six head of cattle from the property.
The trial court did not make any specific findings of fact concerning this issue. In the absence of such findings, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous and against the great weight and preponderance of the evidence. Thomas v. Davis, 410 So.2d 889
(Ala. 1982).
The record supports the trial court's judgment that the Rhodens did not forfeit their statutory right of redemption by failing to relinquish possession of the 160 acre tract of land. There was testimony from which the trial court could have found that the Rhodens vacated the property and removed the tractor within the ten-day period. Furthermore, Nancy Rhoden testified that she could not find the cattle when she went to remove them from the property and that she later learned that they had strayed into an adjacent pasture. It does appear from the record that the mobile home was not removed from the property within the ten-day period. The reason for the Rhodens' failure to remove the mobile home is not clear from the record; however, it does appear that at about that time, Leslie Rhoden was unavailable to assist Nancy Rhoden in the removal of all of their possessions. In an affidavit submitted to the trial court, Nancy Rhoden stated that she had to get her son to come from Florence to help her drive the tractor off the property. Notwithstanding the Rhodens' failure to remove the mobile home from the property within the ten-day period, there is nothing in the record which suggests that Thomas and Sheila Miller were ever denied actual possession of the property.
It is also argued that the Rhodens never tendered the full redemption price and, consequently, lost their statutory right of redemption.
Section 6-5-235 requires that "anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 percent per annum thereon, and all other lawful charges, with *Page 57 
legal interest." Payment or tender to the purchaser or his vendee under § 6-5-235 is a condition precedent to redemptionunless excused. Francis v. White, 160 Ala. 523, 49 So. 334
(1909); Wootten v. Vaughn, 202 Ala. 684, 81 So. 660 (1919);Hudson v. Morton, 231 Ala. 392, 165 So. 227 (1936); Rodgers v.Stahmer, 235 Ala. 332, 179 So. 229 (1938). In Garvich v.Associated Financial Services Co., 435 So.2d 30, 33 (Ala. 1983), the Court, quoting from Rodgers v. Stahmer, noted:
 "`Courts of equity, in keeping with the general policy of redemption statutes, namely, the prevention of the sacrifice of real estate by forced sales, have excused the literal compliance with these statutes, and entertained bills for statutory redemption in a variety of cases, wherein, because of some fault of the party from whom redemption is sought, compliance would be useless, or, for any reason, not the fault of the redemptioner, it becomes impractical to comply.' . . ."
Thus, literal compliance with § 6-5-235 may be excused under certain circumstances.
In the present case, the trial court found that the Rhodens had "shown sufficient valid reason for their failure to pay or tender to the defendants the entire purchase money." This finding is supported by the evidence. There was testimony which tends to show that the Rhodens were prepared to redeem the property several days prior to the expiration of the one-year statutory redemption period. The Rhodens had secured $7000 in cash and a loan commitment from the Federal Land Bank Association in the amount of $28,000. However, when the Rhodens' closing attorney contacted the attorney representing J.T., Debra, John L., and Connie Miller to discuss a closing, he was informed that they would not convey title to the property. Their refusal to convey title made it unnecessary for the Rhodens to tender any money prior to filing the complaint.[2]
Finally, it is insisted that the Rhodens did not have enough money to redeem even if there had not been a refusal to convey title. This assertion is based on the fact that the loan commitment from the Federal Land Bank Association specified certain withholdings from the principal amount of the loan (i.e., for the required purchase of capital stock in the Federal Land Bank Association, closing fee, etc.). This argument must fail because the Rhodens were excused from tendering any money. Therefore, any inquiry as to whether the Rhodens had (or have) sufficient funds to redeem the property is simply not relevant at this time.
Having determined that the trial court did not err in allowing redemption, we next consider the Rhodens' contention that the trial court erred in computing the redemption price. They specifically argue that the amount set by the trial court is excessive because it included, as a lawful charge, twelve percent interest on the purchase price for ten months from August 22, 1984 (the date the complaint was filed) to June 22, 1985 (the date of the final judgment). We must agree.
The trial court apparently relied on § 8-8-10, Code 1975, as authority for allowing the interest to be calculated at that rate. Section 8-8-10 reads:
 "Judgments for the payment of money, other than costs, if based upon a contract action, bear interest from the day of the cause of action, at the same rate of interest as stated in said contract; all other judgments shall bear interest at the rate of 12 percent per annum, the provisions of section 8-8-1 to the contrary notwithstanding; provided, that fees allowed a trustee, executor, administrator *Page 58 
or attorney and taxed as a part of the cost of the proceeding shall bear interest at a like rate from the day of entry."
However, this section provides for post-judgment interest only.Burgess Mining Construction Corp. v. Lees, 440 So.2d 321
(Ala. 1983). The twelve percent interest allowed by the trial court was for a ten-month period preceding the final judgment.
Where no written contract controls the interest rate, as in this case, the legal rate of pre-judgment interest is six percent per annum, § 8-8-1, Code 1975; Burgess Mining Construction Corp. v. Lees, supra, and it has been held, under facts somewhat similar to those in the present case, that the legal rate of six percent interest should be allowed from the date the complaint is filed until redemption is effected.[3] SeeDurr Drug Co. v. Acree, 241 Ala. 391, 2 So.2d 903 (1941).
After reviewing the record, we are also concerned that other errors may have been made in the computation of the redemption price. It appears that the trial court allowed J.T. and John L. Miller amounts which were apparently paid by them for title insurance and recording fees. If this is the case, such charges are not enumerated in § 6-5-235 and, consequently, should not be included in the redemption price. See Wilkes v. Hood,237 Ala. 72, 185 So. 748 (1939); Durr Drug Co. v. Acree, supra.
Therefore, the judgment of the trial court is affirmed in all respects except as to the redemption price, and in that respect it is reversed. Accordingly, the cause is remanded to the trial court with instructions to recompute the redemption price in a manner consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
[1] Section 6-5-237 reads as follows:
 "If the purchaser or his vendee fails or refuses to reconvey to such party entitled and desiring to redeem such title as he acquired by the sale and purchase, such party so paying or tendering payment shall thereupon have the right to file in the circuit court having jurisdiction thereof a complaint to enforce his rights of redemption."
[2] We should note that it was also unnecessary for the Rhodens to pay into court, pursuant to § 6-5-238, Code 1975, the full amount of the charges originally stated. Such payment could not have been made prior to the closing of the loan from the Federal Land Bank Association, which was contingent upon the subject property being given as security. The property, of course, could not have been given as security by the Rhodens until a conveyance was ordered by the trial court. See Davis v.Ashburn, 224 Ala. 572, 141 So. 226 (1932) (payment into court is also excusable); Rodgers v. Stahmer, supra.
[3] Post-judgment interest pursuant to § 8-8-10 cannot be allowed on appeal in this case. That section provides for interest on personal money judgments, as in contract or tort, on which an execution should issue. See Southern Electric Generating Co. v.Lance, 269 Ala. 25, 110 So.2d 627 (1959) (interest on a judgment of condemnation not allowed on appeal). Although a judgment ordering redemption under § 6-5-237 is, in a sense, an adjudication of a sum of money in favor of the defendant, in effect it merely allows the plaintiff to purchase the property from the defendant within a specified time at a fixed dollar amount. Failure to comply with the terms of the judgment results only in the plaintiff's losing his right of redemption. The defendant cannot enforce payment.