ROBERT P. BRADLEY, Retired Appellate Judge.
A temporary restraining order was issued and, after a hearing, the trial court issued a preliminary injunction. Most Worshipful Prince Hall Grand Lodge F. & A.M. of Alabama (hereinafter “Lodge”) pursues this appeal.
Alveta Hawk, by and through her court-appointed conservator, SouthTrust Bank of Dothan, Alabama, filed a petition seeking to enjoin Lodge from foreclosing upon a mortgage encumbering certain property in which Hawk claimed an interest. Hawk also asked that the trial court order Lodge to show that the mortgage of record has been satisfied.
The mortgage herein was executed in 1962 by a local Masons association, Zion Fountain Number 54 (hereinafter “Zion”), as mortgagor, and in favor of Lodge, as mortgagee. The $40,000 mortgage was secured by a house and lot located at 210 West North Street in Dothan, Alabama. Marion Hawk, deceased husband of Alveta Hawk, was one of the mortgagors that signed the mortgage, apparently in his capacity as an officer of Zion.
In 1989 Lodge filed a notice of foreclosure in the local Dothan newspaper, asserting that a default in payment had been made and that the property was to be auctioned at public outcry on October 26,1989.
Donna Valeska, a SouthTrust employee handling the conservatorship of Hawk, read the notice of foreclosure and contacted Malcolm R. Newman, the attorney for the mortgagee (Lodge). Valeska asked Newman the amount necessary to pay off and satisfy the mortgage, and subsequently a $6,523.24 check was tendered to Newman. Although the check was tendered to Newman, Newman stated that he intended to continue the foreclosure proceedings. After the petition for injunction was filed, a temporary restraining order was granted. Valeska notified Newman of the temporary restraining order, and the foreclosure sale was stopped.
Subsequently, at the hearing and after Zion’s motion to join the suit was granted, the trial court issued a preliminary injunction which stopped any further acts of foreclosure by Lodge.
Lodge appeals and asserts, among other things, that the trial court erred by granting a preliminary injunction against it without requiring Hawk to give security pursu *384 ant to Rule 65(c), Alabama Rules of Civil Procedure.
Our supreme court has determined that the provisions of Rule 65(c) are "plain, definite, and unambiguous, and that a restrairi-ing order or preliminary injunction cannot issue without compliance with it.” Anders v. Fowler, 423 So.2d 838, 839 (Ala.1982) (citations omitted). Certain exceptions to this rule will be allowed; however, in order for one of the exceptions to be granted, the trial court is required to make a specific finding that a reason for one exists. See Anders. No such findings were made by the trial court in the case at bar. Since no exception applies, and no security was given, we are required to reverse this case for noncompliance with Rule 65(c).
Nothing in this opinion should be construed as precluding Hawk from requesting the trial court to again issue injunctive relief in compliance with Rule 65(c), should it be deemed prudent. While we pretermit consideration of the merits of this appeal, we point out the case of Garrett v. Cobb, 202 Ala. 241, 80 So. 79 (1918), for consideration on remand.
The foregoing opinion was prepared by retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.